WILLIAM M. WALTON ET UX. V. JAMES J. COTTINGHAM.

In an action upon a warranty of soundness, the evidence of witnesses (not experts) of *subsequent* sickness is not admissible.

Where there is conflicting evidence as to the *fact* of unsoundness at the time of the sale, although a different verdict might have been more satisfactory, it will not be disturbed. (Paschal's Dig., Art. 1470, Note 566.)

APPEAL from Refugio. The case was tried before Hon. J. J. HOLT, one of the district judges.

This was a suit on the warranty of a slave; and, apart from the exclusion of evidence, the case turned upon the facts. The ground of excluding the evidence is not stated; but the presumption is that it was excluded because the evidence was as to soundness after, and not before the sale. The plaintiff proved the warranty of soundness on the 30th June, *1860*, and a physician was called to see the negress two months afterwards, who said she had been diseased (of the womb) for some time—"months or years"—to her injury $400. The physicians seemed to agree that the disease was one of slow progress, and no one could tell by examination how long it had existed. The negro-traders who had owned the girl thought her very healthy. The verdict was for the defendant. The plaintiffs appealed.

*F. C. Hume,* for appellants, assigned for errors, 1. The exclusion of the depositions of E. T. and A. H. Cook. (Paschal's Dig., Art. 1464; Greenl. on Ev., § 49; Carter v. Carter, 5 Tex., 100; 2 Phill. on Ev., 460; Blythe v. Speake, 23 Tex., 429; 2 Sand. Pl. and Ev., 2d part, 1230, 1231.)

2. The instructions of the court to the jury. (Wade v. De Witt, 20 Tex., 398; 3 Phill. on Ev., Note 301; 23 Tex., 429; 1 Pars. on Cont., Note (c) 473; Stucky v. Clyburn, Chev., 186; Wilson v. Ferguson, Chev., 190; 2 Sand. Pl. and Ev., 2d part, 1230, 1231.)

3. The verdict was contrary to law and the testimony.

4. The refusal of the court to grant a new trial. (See authorities above cited.)

No brief for the appellee has been furnished to the *Reporter*.

MORRILL, C. J.—The first error assigned is, that the depositions of A. H. Cook and wife were excluded. As these depositions go to show the situation of the health of the girl sometime after the sale, and cannot by any possibility establish her condition at the time of or previous to the sale, the judge did not err in excluding the same.

The charge of the judge was full and correct, and as the testimony was conflicting and not unsatisfactory that the girl was diseased at the time of the sale, we cannot say that the verdict was contrary to evidence. The judgment is

AFFIRMED.