W. A. MYNATT V. W. T. HUDSON ET AL.

(Case No 5567.)

1. PLEADING—CONVERSION OF PROPERTY—PURCHASE—A plea alleging the purchase of property, presents a defense to an action for the unlawful taking and conversion of the property.
2. CONFLICTS IN EVIDENCE—It is the province of the jury to reconcile conflicts in evidence ; and if there is sufficient evidence to support their verdict it will stand.
3. EVIDENCE—REPUTATION—The evidence of witnesses, properly qualified, relating to the reputation for truthfulness and veracity of a person of mature age in the community in which he formerly lived, is admissible to impeach his present character. Such evidence is not entitled to so much weight as that relating to present reputation, and is subject to rebuttal by proof of present good reputation.

APPEAL from Erath.   Tried below before the Hon. T. L. Nugent.

This was an action for damages.   The petition alleged that certain property of appellant had been unlawfully taken and converted by W. T. Hudson, Nick Hudson and Bob Farrell and sought the value of the property as damages.   The answer of defendants contained a plea setting up facts which they claimed constituted a purchase by them of the property.   In his supplemental petition the plaintiff excepted to that plea.   The trial resulted in a verdict and judgment for defendants.

*Neill & Young,* for appellant.

*Frank & Devine* and *Poindexter & Paddleford,* for appellees.

STAYTON, ASSOCIATE JUSTICE.—The amended answer alleged the purchase, by the defendant, Hudson, from the appellant, of the cattle, for the value of which this action was brought, with a detailed statement of the facts which led to and resulted in the purchase.  This constituted a good defense to the action, and the demurrer was properly overruled.   On the former appeal the judgment was reversed, for the reason that the evidence was not sufficient to show a sale of the cattle by appellant to W. T. Hudson, but, on the last trial, though there is a conflict in the evidence, there was ample evidence offered by the appellee to show such sale.   It was for the jury to reconcile the conflict, and they having given credence to the testimony offered for the appellee, their verdict must stand.

If it could be held from the evidence that the conveyance made to Hudson was intended as a mortgage, a holding which would be contrary to the evidence which the jury must have found to be true, it would not change the result, for that evidence shows that Hudson, in any event, was to have possession of the cattle whenever he desired to have it.   The appellant formerly lived in Johnson county for many years, but for four years past he lived in Erath county, and on the trial several witnesses who resided in Johnson county, and had known the appellant there for many years, after having qualified themselves to testify as to his reputation for truthfulness while a resident of Johnson county, were permitted to testify that his reputation while there resident, for truthfulness, was bad.

To the admission of this evidence the appellant objected, upon the ground that the witnesses could not state the reputation of the appellant, at the time they testified, in the neighborhood in which he then lived.   These objections were overruled, and in this we are of the opin-

ion there was no error.   Sleeper v. Van Middlesworth, 41 Denio, 434; Rathbun v. Ross, 46 Barb., 137; Nomes v. Stateler, 17 Ill., 454.

If, during the long period the appellant resided in Johnson county, his general reputation for truth and veracity was bad, this was a fact, considering his mature age when he there resided, which the jury might consider in determining whether his evidence was entitled to credence.   The law does not presume that a person of mature age, whose reputation has been notoriously bad to within a period such as intervened between the time the appellant resided in Johnson county and the time when the witness testified, has so reformed as to have acquired a different reputation.

The evidence offered may not have been entitled to so much weight as if it had related to his reputation in the community in which he lived at the time the testimony was given, yet it was such as the jury might consider, and was subject to be rebutted by evidence showing a different reputation at the time of the trial in the community in which he resided.   There is no error in the judgment and it will be affirmed.

                                                              Affirmed.

[Opinion delivered April 16, 1886.]