## W. H. Irvin v. James Johnson et al.

### Decided June 21, 1909.

#### 1.—Separate Property—Married Women—Descent.

Where the suit, in trespass to try title, was against the husband and wife and the minor child of the husband by a former wife, and plaintiff claimed under a deed by the husband and wife, and the property was conveyed to the former wife during the marriage by deed which on its face vested the title in the

community, but the undisputed evidence was that it was either her separate estate or was conveyed to her in trust for her oldest child, in either case, the husband, by the death of the wife, and the subsequent death of all their children, except the defendant minor, became entitled to a certain interest in the property that would pass by the deed executed by him unless the same was void.

**2.—Separate Property—Purchaser—Notice—Pleading.**

Where the plaintiff claimed under a deed from defendants, who were husband and wife, and the evidence showed that the property was a gift to a former wife from her mother, but the deed to her was such that on its face vested the title in the community, it was error to submit the issue whether or not plaintiff, when he took the deed, knew that it was intended as a gift, in the absence of any pleading that plaintiff had such knowledge.

**3.—Deed—Delivery.**

Where the plaintiff claimed under a deed from defendants which was in his possession, the presumption was that it was delivered to him by the grantors, and, in the absence of pleading or evidence that it was not delivered, it was error to submit the issue of delivery.

**4.—Burden of Proof—Charge.**

A charge, that the burden of proof was upon the plaintiff to make out his case by a preponderance of the testimony, and upon the defendants to make out their case made by their crossbill by a preponderance of the testimony was erroneous, where the defendants were seeking to avoid their deed to plaintiff on the ground of fraud in procuring it and the further ground that it was a mortgage on their homestead. The court should have instructed as to the effect of the deed.

**5.—Witness—Impeachment.**

Where a witness testifies as to important issues, it is error to exclude testimony offered by the opposite party as to his general reputation for truth and veracity in the community in which he lives.

**6.—Evidence—Exclusion—Objection to Evidence.**

In order to sustain an assignment complaining of the exclusion of evidence, the bill of exceptions must state the objection made.

**7.—Deed—Cancellation—Mortgage—Intention.**

Where the contention is that a deed purporting to be an absolute conveyance of the homestead was a mortgage, a mutual understanding on the part of the grantee and the grantors that it should operate as a mortgage is necessary to its cancellation as a deed. That the grantors so understood or intended is not sufficient.

Error from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*S. H. Brashear,* for plaintiff in error.

No briefs for appellees.

REESE, ASSOCIATE JUSTICE.—This is a suit in trespass to try title by W. H. Irvin against James Johnson, Fannie Johnson, his wife, and Sarah, a minor, only surviving child of the said James and a former wife, Fannie Wyatt Johnson, to recover a lot in the city of Houston. Defendants, in their answer, set up the following defenses:

First. The deed for the property from James Johnson and Fannie,

his present wife, to W. H. Irvin, was procured by fraud on the part of said Irvin.

Second. That said instrument was intended by the parties to be a mortgage or security, and the property being at the time the homestead of defendants, was void; and

Third. That the property so conveyed was the separate estate of Fannie Wyatt Johnson, the former wife of said James Johnson.

Defendants prayed that the deed referred to be canceled and held for naught. The case was tried with a jury and a verdict returned upon special issues, upon which judgment was rendered for defendants for the land, and canceling the deed and removing cloud. From this judgment plaintiff prosecutes this writ of error. This is a second appeal in this case. (44 Texas Civ. App., 436.)

The court instructed the jury that the undisputed evidence was that the property in controversy was purchased by Viney Wyatt and by her given to her daughter, Fannie Wyatt Johnson; that Fannie Wyatt Johnson was the mother of defendant Sarah Johnson, and that at the time of her death Fannie Wyatt Johnson left six children, all of whom are now dead except said Sarah. The giving of this charge is assailed by the first assignment of error.

The property was conveyed by W. R. Baker to Fannie Johnson, the first wife, by deed dated subsequent to her marriage to James Johnson, and recites that the consideration was $150, paid by her. It does not appear on the face of the deed to have been so conveyed as her separate property, but the undisputed evidence showed that the property was a gift from the mother of Fannie Wyatt Johnson to her daughter, either for herself or in trust for her first-born child, a daughter. It is true that the witnesses testifying to this fact are the half-brother and sister of the said Fannie Wyatt, and James Johnson, one of the defendants, and may be considered not altogether disinterested, but the fact that the property was acquired by the mother of Fannie some time before the marriage of the latter to James Johnson was also testified to by Nichols, who appears entirely disinterested. The other witnesses appear to be quite ignorant persons, and are very much mixed in their statements as to the details of the manner in which the property was acquired, but we think this is due largely to their ignorance. It seems to be fairly established by the undisputed evidence that, notwithstanding the date and the force of the deed, which would on its face vest the property in the community, it was in fact not community, but either the separate estate of Fannie Wyatt Johnson, or conveyed to her in trust for her oldest child. In either case James Johnson, by the death of his wife and the subsequent death of five of their six children, became entitled to a certain interest in the property. As the judgment was based upon answers of the jury invalidating the deed to Irvin absolutely, the charge, even if not entirely correct, does not present grounds for reversal.

There is no merit in the contention of plaintiff in error that the deed to Fannie Johnson, even as a gift from her mother, is to be taken as a gift to her and her husband jointly. The undisputed evidence excludes any such presumption, even if the deed, being a gift, were susceptible of such construction.

The second assignment of error is not followed by such statement as would enable us to intelligently pass upon it, and is not in compliance with the rules for briefing and will not be considered.

We are inclined to think that the evidence did not authorize the submission to the jury by the special instruction of the issue as to whether Johnson executed the deed to Irvin under the belief that it was a receipt. From the rambling, incoherent and confusing statement of the witnesses on this point, as they are presented in the statement of facts, it is exceedingly difficult, if not impossible, to get a clear understanding as to what Johnson and his wife did believe they were signing when they executed the deed under which Irvin claims the property. It is only clear, if their testimony is true, that they were imposed upon and induced to sign a paper which was not, at all events, what it purported to be, an absolute conveyance of the land.

The allegations of the second amended petition upon which the case was tried are, that the instrument was believed by Johnson to be "a receipt for their money to be paid and a mortgage of their home for same," which is almost as confusing as Johnson's testimony. By their answer to the fourth question the jury rather negatives this allegation.

Objection is made by the eighth assignment of error that the court erred in propounding, in the charge to the jury, the following question: "Did the plaintiff know, at the time he took the deed to said property, that the same had been paid for by the separate means of Fannie Wyatt Johnson, the first wife of James Johnson, or that it had been deeded to her with the intention of making it a gift to her?" As to the first part of this question there was no evidence whatever that the property was paid for with the separate means of Fannie Wyatt Johnson. All of the testimony was that it was a gift from her mother, as the court had instructed the jury. The objection to the charge is that there was no pleading that plaintiff had the knowledge referred to, at the time he took the deed, and this is true. For this reason it was error to submit this issue. It appears to us, however, that in view of the fact that James Johnson, at all events, had some interest in the property, which would have passed by the deed unless it was executed under such circumstances as would avoid it entirely, the judgment must be predicated upon the answers of the jury upon the issues, that the deed was procured by fraud, and was inoperative either as a deed or mortgage, as the property was the homestead of defendants at the time. Upon another trial, however, we suggest such amendment of the pleadings as will present this issue of the knowledge of Irvin as to the character of the title to the property.

We sustain the twelfth assignment of error, which complains of the submission to the jury of the issue of the delivery of the deed to Irvin. There was neither pleading nor evidence that the deed or paper executed by Johnson and wife was not delivered. It being in Irvin's possession, the presumption is that it was delivered to him by the grantors.

We think it was not proper to charge the jury that the burden of proof was upon the plaintiff to make out his case by a preponderance of the testimony, and upon the defendants to make out their case made by their cross-bill by a preponderance of the testimony, without

going further than this. This kind of a charge did not meet the objection on account of which the judgment was reversed on the former appeal. (Irvin v. Johnson, 44 Texas Civ. App., 436.)

The plaintiff's case rested upon his deed to the property, and entitled him to recover, at least against James and Fannie Johnson, without further evidence. Whether the deed to Fannie Johnson, the first wife, conveyed the property, as was the presumption on the face of the deed, to the community, or was a gift to Fannie Johnson from her mother, in her own right, or to be held in trust for her first-born child, as the witness positively testified, upon its face it conveyed whatever interest James Johnson had in the property to Irvin. To avoid this effect, it was incumbent upon defendants to show that the deed was not intended to have this effect. Where it is sought thus to impeach a deed by parol the jury should have been instructed as to the effect of the deed. We do not think the charge given was sufficient on this point, but that the court should have given the charge requested by plaintiff, the refusal of which is made the basis of the twenty-fourth assignment of error.

Several charges along this line were requested by plaintiff, all of which were refused, as set out in the several assignments of error, and we think properly refused, as they were subject to the objection that they were argumentative and went further than was necessary or proper as to the presumptions arising from the face of the deed. The charge referred to in the twenty-fourth assignment, however, should have been given. (Baylor v. Hopf, 81 Texas, 641.)

The court erred in excluding the testimony of the witness Aaron Levy as to the general reputation of James Johnson for truth and veracity in the community. The witness had testified that he was acquainted with such reputation. Testimony as to Johnson's reputation for honesty and fair dealing was not admissible, but he was a witness, and a most important witness, for defendants upon the vital issues in the case, and plaintiff should have been allowed to prove by proper testimony his general reputation for truth and veracity in the community in which he lived. The assignment of error presenting the point, however, can not be sustained, as the bill of exceptions does not state what was the ground of objection to his testimony nor what his answer would have been to the question asked him.

It does not appear what was the ground of objection to the testimony of the plaintiff Irvin, as set out in the thirty-fifth assignment of error and plaintiff's bill of exception No. 4. An objection to testimony which states no grounds therefor should be disregarded. If the grounds of objection are stated, they should be embodied in the bill of exceptions so that this court may understand the ruling of the trial court.

We have not had the benefit of briefs for defendants in error in this case, and we have been much embarrassed in arriving at an intelligent understanding of the evidence by the way in which the statement of facts has been prepared. The testimony of the witnesses presents for the most part an incoherent mass of disjointed, confusing, and sometimes seemingly contradictory statements. No attempt seems to have been made to bring order out of this chaos in the preparation

of the statement of facts, which seems to be simply a copy of the stenographer's notes .of the testimony, with the questions only left out.

It was certainly an important issue in the case as to what was Irvin's understanding of the effect of the deed. If he understood or intended it to be and to operate as an absolute conveyance of the property, and was not guilty of fraud in procuring its execution, then it would not be sufficient to avoid the deed that the grantors therein understood it otherwise. Either fraud on Irvin's part in procuring the deed, or a mutual understanding on his part and that of the grantors that it should not operate as a deed but as something else, was necessary to authorize its cancellation as a deed. The charge of the court, in the special issue submitted, did not present this issue of Irvin's understanding as to the paper, except in the fourth question submitted as to whether there was an agreement or understanding between Irvin and Johnson that the deed should operate as a mortgage, but this the jury answered in the negative. Outside of this question the special issues are directed solely to Johnson's understanding and intention with regard to this paper.

Except as herein indicated, none of the assignments present reversible error, and they are severally overruled. For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*