BROWN v. GREENSPUN. (No. 1861.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 5, 1917. Rehearing Denied Jan. 3, 1918.)

APPEAL AND ERROR ⊂⇒209(1)—REVIEW—ERROR APPARENT ON THE FACE OF "RECORD"—STATUTE.

Error that judgment by default was without the support of testimony was not one "apparent on the face of the record," which it was the duty of the Court of Civil Appeals to correct without reference to whether the validity of the judgment was in any way challenged below; the word "record," as used in Vernon's Sayles' Ann. Civ. St. 1914, art. 1607, providing that in all cases of appeal or writ of error to the Courts of Civil Appeals the trial shall be on an error of law assigned or apparent on the face of the "record," not including the testimony, but having the meaning attached to it at common law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Record.]

Hodges, J., dissenting.

Error from Titus County Court; Sam Porter, Judge. .

Action by M. Greenspun against Jim Brown. To review a judgment by default for plaintiff, defendant brought error. The judgment was affirmed orally without considering the assignments, and defendant moves for rehearing. Motion overruled.

J. M. Burford, of Mt. Pleasant, for plaintiff in error. T. C. Hutchings, of Mt. Pleasant, for defendant in error.

WILLSON, C. J. The writ was prosecuted from a judgment by default in favor of defendant in error against plaintiff in error for $232.59, as the balance due the former on an account for rent, based on a contract whereby he leased a store house in Mt. Pleasant to the latter. The trial was to the court without a jury. It did not appear that plaintiff in error excepted to the judgment when it was rendered, or that he complained of it in a motion for a new trial. The ground upon which he asked this court to reverse the judgment was that it was without the support of testimony. This court, being of the opinion that he was not entitled to attack the judgment on that ground, because he had not challenged its correctness in the court below either by excepting to it or in a motion for a new trial, orally affirmed it on the 22d ult., without considering the assignments. It is urged in the motion that the asserted error was one "apparent on the face of the record," which it was the duty of this court to notice and correct, without reference to whether the validity of the judgment was in any way challenged in the court below or not. The decision was in harmony with others by this court and with decision by other Courts of Civil Appeals, and was predicated upon the theory that, in determining whether an asserted error is one "apparent on the face of the record" or not, the word

"record" should be given the meaning attached to it at common law, and did not include the testimony heard at the trial. If the word as used in the statute (article 1607, Vernon's Statutes) should be held to include the testimony, it would be the duty of a Court of Civil Appeals in every case appealed to it, without reference to whether the sufficiency of the testimony was questioned by a motion for a new trial or otherwise in the trial court or not, and in the absence even of an assignment on the appeal questioning its sufficiency, to look to the statement of facts, if one was with the transcript, and reverse the judgment if it appeared that it was not supported by testimony. That it has never been thought that the Court of Civil Appeals were charged with such duty is shown by decisions too numerous to cite here, holding, as in Cooper v. Lee, 1 Tex. Civ. App. 10, 21 S. W. 998, that an assignment that the verdict of a jury was not supported by testimony was too general to require the court "to review the evidence in order to determine whether or not it was sufficient to support the verdict," and, as in Tel. Co. v. Neel, 35 S. W. 29, that an assignment that "the court erred in rendering judgment for the plaintiff because the evidence in this case is not sufficient to sustain a judgment for plaintiff" should be ignored because too general. In every one of the numerous cases referred to the Courts of Civil Appeals were wrong in refusing to review the evidence if it was a part of the "record" within the meaning of the statute requiring them to notice and correct errors "apparent on the face of the record." If they were not wrong, because, as we think is true, the evidence heard at the trial of a cause is not a part of the record thereof on appeal, within the meaning of the statute, then we were not wrong in disposing of this appeal as we did. In those cases, as in this one, the evidence was a part of the "record," and did not support the judgment, the error was one "apparent on the face of the record." The difference between those cases and this one lies in the fact that in those the appellants by excepting to the judgment, or questioning the sufficiency of the evidence in a motion for a new trial, became entitled to assign the insufficiency of the testimony as error; while in this one the appellant, because he neither excepted to the judgment nor attacked it as without the support of testimony in a motion for a new trial, never became entitled to assign the insufficiency of the testimony as error. Certainly, if it was not error in those cases to refuse to review testimony challenged as insufficient in the trial court, because the assignments challenging it on the appeal were too general, it was not error to refuse to review it when, as in this case, its sufficiency had in no way been challenged in the court below.

The motion is overruled.

HODGES, J. (dissenting). The statement of facts filed in this court in this case shows clearly that the evidence relied on to support the default judgment appealed from is wholly insufficient. I do not understand that this condition of the record is disputed. The rendition of a judgment for plaintiff under those circumstances I regard as an error "apparent upon the face of the record," which this court is required to notice in the absence of any assignment. Rev. Civ. Stat. art. 1607. I am unable to agree with my Associates in holding that the "record" referred to in the articles cited does not include the statement of facts filed in this court on appeal. This article was enacted in 1892, and appears as section 24 of an act to organize the Courts of Civil Appeals and define their jurisdiction. At that time the transcript filed in the Courts of Civil Appeals embraced the statement of facts. The latter could not be considered on appeal unless so appearing. There is nothing in the act to indicate that the term "record" was to be given a technical signification which would exclude the statement of facts. The presumption is that the term was used in its commonly accepted sense to include all that was embraced within a properly authenticated transcript. It has long been the custom for lawyers and judges to use it in that sense. I can therefore see no occasion for holding that this current meaning should be displaced by an old common-law signification which has long since dropped out of practical use. In Hen'drick v. Blount-Decker Lumber Co., 200 S. W. 171, recently decided by this court, the writer referred to several cases decided by our Supreme Court which he thinks support this construction. In the two most recent cases there cited the errors called to the attention of the appellate courts, and which it was contended should have been considered because "apparent upon the face of the record," involved issues of fact the determination of which required an examination of the statement of facts. Had the Supreme Court been of the opinion that the statement of facts formed no part of the record to be looked to in passing upon those issues, the question presented might readily have been disposed of upon that ground alone. But, instead of so holding, other phases of the question were discussed at some length in a manner which seems to assume that the term "record" is broad enough to include the statement of facts.

It is contended that the frequent refusal of appellate courts to consider assignments of error complaining in general terms of the insufficiency of the evidence to support the judgment appealed from is inconsistent with the conclusion that the insufficiency of the evidence can under any circumstances be treated as an error "apparent upon the face of the record." When we take into considera-

tion the definition of the word "apparent" adopted by the Supreme Court in Houston Oil Co. v. Kimball, 103 Tex. 103, 122 S. W. 533, 124 S. W. 85, and approved by the same court in Oar v. Davis, 105 Tex. 479, 151 S. W. 794, the two holdings are not irreconcilable. After quoting from Webster, Justice Brown, who wrote the opinion in Houston Oil Co. v Kimball, concludes:

"Perhaps the best expression is that it must be a fundamental error, such error as being readily seen lies at the base and foundation of a proceeding and affects the judgment necessarily."

Insufficiency of evidence includes all conditions, from an entire absence of any legal evidence to those where the evidence is hardly enough to discharge the burden assumed by the party securing the judgment. Lying between those extremes are many cases which require an extended examination of a complex statement of facts in order to satisfactorily determine the question presented. Under those circumstances the complaining party must comply with the rules if he wishes his assignments considered, because the error is not in such cases "apparent" or "readily seen" upon an inspection of the record. It will be found that it is this class of cases in which appellate courts have refused to consider assignments couched in general terms only which complain of the insufficiency of the evidence. Such cases are entirely different from those where the absence of any legal evidence is readily seen by even a casual inspection of the statement of facts. No plaintiff is entitled to a judgment who is not able to produce sufficient legal evidence to establish his claim. The rendition of a judgment in his favor in the absence of such evidence is a gross injustice and an error which affects the fundamental rights of the defendant. It is an error as grave and serious as any which a court can commit. When we keep in mind the fact that appellate courts are created for the purpose of correcting errors committed on the trial, there appears to be no good reason for giving a restricted construction to the terms of the statute conferring that power. The consideration of meritorious, but informal, complaints on appeal, even when not legally authorized, is not attended by the evil results likely to follow the usurpation of judicial power generally. I believe appellate courts should go as far in that direction as they have the power to go when the ends of justice demand it, and when the language of their limitation is doubtful, that construction should be adopted which enables them to perform their primary duties. In cases like this it required more time to state why the error will not be considered than it does to discover and correct the error.

In my judgment, the complaint on this appeal should have been considered, and the judgment of the trial court reversed.