**MAGNOLIA PETROLEUM CO. v. STOCKTON et ux.   (No. 10946.)**

(Court of Civil Appeals of Texas. Fort Worth. Feb. 28, 1925.)

Appeal and error ⊸672—Assignments of error requiring consideration of pleadings and entire statement of facts not fundamental errors.

Where trial court filed no findings of fact, and judgment does not recite alleged findings on which appellant bases his assignments of error not filed below, *held*, that, since determination of such assignments would require consideration of pleadings and entire statement of facts, under Rev. St. art. 1612, and rules 23, 27, and 28 of Court of Civil Appeals, errors complained of are not fundamental.

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Suit for injunction by A. L. Stockton and wife against the Magnolia Petroleum Company and another. From a judgment making a temporary writ of injunction perpetual, defendant named appeals. Affirmed.

Dan Ferguson, of Dallas, for appellant.
Sam J. Callaway and Frank A. Ogilvie, both of Fort Worth, for appellees.

DUNKLIN, J.  A. L. Stockton and wife instituted this suit to restrain the sale under execution of lot 2, in block 32, Polytechnic Heights addition to the city of Fort Worth. The defendants in the suit were the Magnolia Petroleum Company and Carl Smith, sheriff, who had levied an execution on the property to collect a judgment recovered by the Magnolia Petroleum Company against A. L. Stockton for the sum of $104, with interest and costs. The grounds for injunction were, first, that the property levied on was exempt from forced sale because at the time of levy it was occupied and used by the plaintiff as his homestead; second, that it was the separate property of plaintiff, Mrs. Sallie Stockton, and therefore not subject to the judgment under which the execution was issued. A temporary writ of injunction was issued as prayed for, which on final trial on its merits, was made perpetual, and from that judgment this appeal has been prosecuted by the Magnolia Petroleum Company. In the answer filed by the Magnolia Petroleum Company following a general denial, it was specially alleged that the use of the property in controversy as a homestead had been abandoned, and that the conveyance by A. L. Stockton to his wife, Sallie Stockton, was for the sole consideration of love and affection and was made for the purpose of hindering and preventing the Magnolia Petroleum Company from collecting its judgment against A. L. Stockton. The case was tried before the court without the aid of a jury, and the record shows that no motion for a new trial was filed by the appellant and no findings of fact and conclusions of law were filed by the trial judge, and no motion made therefor by the appellant. It further appears that appellant filed no assignments of error in the trial court.

Appellant seeks a reversal of the judgment for fundamental error, as shown in its brief, the only two assignments presented reading as follows:

"(1) The court erred fundamentally in finding that the erection and use of a cottage on lot 2 was a temporary renting of a part of the homestead, instead of an abandonment of that portion of the homestead.

"(2) The court erred fundamentally in concluding that the conveyance from A. L. Stockton to Sallie Stockton of lot 2 was a transfer

of nonexempt homestead property, and hence not subject to attachment by creditors of A. L. Stockton."

As already stated, the trial judge filed no findings of fact, nor does the judgment recite either of the alleged findings shown in the two assignments. In order to determine the merits of either of those assignments, it would be necessary for the court to consider the pleadings and the entire statement of facts, and therefore the errors complained of, if errors they be, are not fundamental errors which can be considered. See Oar v. Davis, 105 Tex. 479, 151 S. W. 796; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 537, 124 S. W. 85; article 1612, Rev. Statutes; rules 23, 27, 28, for the Courts of Civil Appeals (142 S. W. xii); Zmek v. Doyer (Tex. Civ. App.) 174 S. W. 659; Ætna Accident & Liability Co. v. Trustees of First Christian Church (Tex. Civ. App.) 218 S. W. 537, and authorities there cited; Brown v. Greenspun (Tex. Civ. App.) 200 S. W. 174; H. & T. C. Ry. v. Roberts (Tex. Civ. App.) 194 S. W 218; Barkley v. Gibbs (Tex. Civ. App.) 203 S. W. 161; Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593; Gen. Bonding & Casualty Co. v. Harless (Tex. Civ. App.) 210 S. W. 307.

Accordingly, both assignments are overruled and the judgment of the trial court is affirmed.