### EVANS et al. v. CHILDRESS. (No. 340.)

(Court of Civil Appeals of Texas. Waco. March 18, 1926.)

1. **Witnesses** ⊜⟹335—**A litigant has right to impeach witness testifying adversely, by proving that his reputation for truth and veracity is bad.**

In either civil or criminal case, litigant has right to impeach witness testifying adversely to him by making proof by witnesses who know his general reputation for truth and veracity in the community in which he lives that such reputation is bad.

2. **Witnesses** ⊜⟹351—**Rule that predicate for impeaching testimony must be laid held inapplicable to impeachment by proof of bad reputation for truth and veracity.**

Where defendants sought to impeach testimony of adverse witness by proof that his general reputation for truth and veracity in the community in which he lived was bad, rule that predicate must be laid to impeach witness was inapplicable.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit by J. W. Childress against A. N. Evans and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

John L. Poulter, of Fort Worth, for appellants.

Baskin, Eastus & Greines, of Fort Worth, for appellee.

STANFORD, J. This suit was filed by appellee against appellants A. N. Evans, Agnes Geer, E. T. Kemp, and H. M. Means, a copartnership known as the Fort Worth & Country Development Association, to recover $500, alleging that Hattie Tinsley and F. W. Strang entered into a contract by the terms of which Hattie Tinsley agreed to purchase from Strang, and Strang agreed to sell to Hattie Tinsley, certain property; that, in pursuance of said contract, Hattie Tinsley placed in escrow her check for $500 to insure her performance of her part of said contract,

and that said check was placed with appellants as trustees; that appellants collected said check and appropriated the money to their own use; that said check was to be returned to Hattie Tinsley in case F. W. Strang failed to comply with his part of said contract. It was further alleged that said contract of sale was never carried out, but was finally abandoned by the parties; that the said Hattie Tinsley, for a valuable consideration, assigned and transferred her right to said $500 to appellee, J. W. Childress. The appellants answered that they were engaged in the real estate business in Fort Worth; that J. W. Childress listed with them for sale or trade 556 acres of land in Parker county belonging to Mrs. Tinsley, and that it was agreed with Childress that, if said land could be sold or traded for Fort Worth property, the commissions would be divided equally between appellants and J. W. Childress; that a contract to exchange said Parker county land for Fort Worth property was procured by the joint efforts of appellants and appellee, J. W. Childress, said exchange to be made with F. W. Strang; that the commissions on said deal amounted to $1,500, and that one-half or $750 of said amount belonged to appellants; that they had received only $500, and prayed for recovery on their cross-bill of $250 against appellee, etc. The case was submitted to the jury on special issues, all of which were answered against appellants, and judgment was accordingly rendered in favor of appellee.

#### Opinion.

[1] Under appellants' fourth assignment, they contend the court erred in refusing to admit the evidence of James Harrison to impeach the general reputation of Fred Strang for truth and veracity. The record discloses that F. W. Strang had testified for appellee to several material facts favorable to appellee, and that the witness Evans had testified on the same material points favorable to appellants, contradicting the evidence of Strang. While the witness James Harrison was on the stand testifying for appellants, appellants sought to prove by said witness that the reputation for truth and veracity, in the community in which he lived, of F. W. Strang was bad. The trial court sustained objection to said evidence, and excluded same on the ground that this was a civil and not a criminal case, and on the further ground that no predicate had been laid to impeach said witness. There was no merit in either of said objections. While a litigant in a civil case has no right, as he does in a criminal case, to introduce character witnesses to prove a good reputation for truth and veracity for himself or his witnesses in the community in which they live, unless such reputation has been attacked by his adversary, yet it is the settled rule of law in this state

that, in either a civil or criminal case, a litigant has the right to impeach any witness who has testified adversely to him, by making proof by witnesses who know his general reputation for truth and veracity in the community in which he lives, that such reputation is bad.

[2] The other objection that no predicate had been laid was equally devoid of merit, and had no application to the effort of appellants to prove, by a witness who was qualified to so testify, that the general reputation of F. W. Strang in the community in which he lived for truth and veracity was bad. The action of the court in excluding this evidence was properly reserved by bill of exception, was made a ground of the motion for new trial, was properly assigned as error, and brought forward in appellants' brief. This assignment is sustained. Irvin v. Johnson, 120 S. W. 1085, 56 Tex. Civ. App. 492; St. Louis S. W. R. Co. v. Garber, 111 S. W. 227, 51 Tex. Civ. App. 70; Mo., K. & T. R. Co. v. Hailey (Tex. Civ. App.) 156 S. W. 1119; Mo., K. & T. R. Co. v. Adams, 114 S. W. 453, 42 Tex. Civ. App. 274; Mynatt v. Hudson, 17 S. W. 396, 66 Tex. 66; Cyc. vol. 40, p. 2594.

We overrule all of appellants' other assignments, but sustain the one above discussed, and reverse and remand the case.