**TEXAS & P. RY. CO. v. MOORE.** (No. 2146.)

Court of Civil Appeals of Texas. El Paso.
May 10, 1928.

Rehearing Denied May 31, 1928.

**1. Evidence ⟷536—Witness, having been in cattle business 42 years, held competent to testify to weight of cattle before shipment.**

Witness, having been in cattle business for 42 years and during that time having shipped cattle almost every year in some direction, shipping some years as many as a thousand cattle, *held* competent to testify to weight of cattle before shipment.

**2. Evidence ⟷570—Weight of testimony of expert witness is question for jury.**

Question of weight to be given testimony of expert witness testifying relative to weight of cattle before shipment constitutes question for the jury.

**3. Appeal and error ⟷1053(5)—Testimony as to market for cattle at another point became immaterial, where case was submitted on theory of negligence in delivering cattle at destination.**

Where, in action against railroad for damages for alleged negligence in transporting shipment of cattle, case was submitted only on theory of negligence in delivering cattle at destination, testimony relative to market at a different point became immaterial and admission was harmless.

**4. Appeal and error ⟷1051(1)—Any error in admitting plaintiff's testimony held harmless where defendant's witnesses testified to same effect.**

In action for damages for alleged negligence of railroad in transporting shipment of cattle, any error in admission of plaintiff's testimony relative to reasonable time for transportation became harmless where defendant's witness testified that reasonable time would be less than that shown by other testimony.

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Carriers ⬅228(3)—Evidence of shipper's conversations with carrier's agent held admissible on theory of negligence in transporting cattle, though theory was not submitted to jury.**

In action against railroad for damages alleged to have arisen from negligence in transporting shipment of cattle and alleging negligence on part of defendant's agent in failing to notify plaintiff of washout, admission of testimony as to plaintiff's conversation with agent with reference to changing shipment *held* admissible on theory of negligence in failing to notify plaintiff of washout, though such theory of case was not submitted to jury, since it will be presumed that jury limited their consideration to evidence on issue submitted.

**6. Evidence ⬅498½—Witness' knowledge of facts making opinion valuable is for discretion of trial court.**

Whether witness had such knowledge of facts as to make his opinion of value is, in a great measure, at discretion of trial court.

**7. Evidence ⬅546—Trial court did not abuse discretion in holding witnesses engaged in cattle business qualified to testify to shrinkage on shipment of cattle and market value.**

Trial court *held* not to have abused discretion in holding witnesses, having dealt in cattle for a number of years, qualified to testify relative to shrinkage on shipment of cattle and market value if they had arrived within reasonable time.

**8. Carriers ⬅230(3)—Evidence of whether cattle were transported in reasonable time required submission to jury.**

In action for damages alleged to have arisen from negligence of railroad in transporting a shipment of cattle, evidence as to whether cattle were transported within a reasonable time *held* to require submission to jury.

**9. Appeal and error ⬅1064(1)—Instruction authorizing damages for negligence in transporting cattle as difference between value if delivered within reasonable time and value when delivered, though erroneous, held harmless.**

In action for damages alleged to have arisen from negligence of railroad transporting shipment of cattle, instruction authorizing damages covering difference between value of cattle if delivered within reasonable time and value at time of actual delivery, though erroneous in that measure of damages was difference between market value as they would have arrived but for carrier's negligence and market value in actual condition on arrival, *held* harmless, in view of uncontroverted testimony relative to market value.

**10. Trial ⬅251(2)—Refusal of instruction relative to issue which was not submitted to jury held not error.**

Where question of railroad's liability for diverting shipment from original routing was abandoned by shipper and such issue was not submitted to jury, refusal of instruction relative to liability for delay because of washout over original routing and that same was an act of God *held* not error.

Appeal from District Court, Hudspeth County; W. D. Howe, Judge.

Action by S. W. Moore against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

John B. Howard, of El Paso, for appellant.
Whitaker & Peticolas, of El Paso, for appellee.

PELPHREY, C. J. Appellee sued appellant in the district court of Hudspeth county for damages·alleged to have arisen from the negligence of appellant in ·transporting a shipment of 84 head of cattle from Sierra Blanca, Tex., to Wichita, Kan.

Appellee alleged in his first amended petition that he delivered the cattle to appellant in Sierra Blanca on October 4, 1926, consigned to the Standard Live Stock Commission Company at Wichita, with the privilege of changing the destination to Kansas City; that appellant accepted the cattle, issued its bill of lading, and thereafter, with its connecting carriers, transported them to Wichita; that appellant was negligent in such transportation in that the cattle did not arrive in Wichita until October 8, 1926, which was more than a reasonable time for such transportation; that the cattle were in good condition when accepted by appellant, weighing more than 1,100 pounds per head, and were in a bad condition upon arrival in Wichita; that in an effort to obtain reasonable price, he exercised the privilege given by the bill of lading and shipped the cattle to Kansas City, where they arrived on October 11, 1926; that had they been transported with reasonable care and dispatch they would have been of the reasonable market value of $6,468, but in the condition in which they arrived they were only of the value of $4,788; that the same values maintained at Kansas City.

Appellant answered by general demurrer, special exceptions, a general denial, and specially pleaded that while the cattle were en route from Sierra Blanca to Big Spring it learned of a washout on the Orient Railroad by which road the cattle were routed, and therefore transported them by way of Fort Worth, and that the washout on the Orient was an act of God, and that it was only performing its duty by routing the shipment as it did. Appellee by supplemental petition alleged that the washout on the Orient occurred on October 3, 1926, that appellant had knowledge of such fact before accepting the shipment from appellee; that appellant knew that appellee had intended to ship his cattle to Fort Worth, but had changed the destination to Wichita in hope of a better market; and that appellant was negligent in not advising appellee of the washout.

The case was tried before a jury upon the following instruction as to liability:

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"If you believe from the preponderance of the evidence that the defendant, Railway Company, owing to any negligence on its part, failed to make the shipment of the cattle described in plaintiff's petition within a reasonable time, and failed to deliver them for the plaintiff at Wichita, Kan., within a reasonable time, and that as a result thereof the plaintiff had to ship the cattle to Kansas City to obtain a reasonable market, and that as a direct result of such negligence, if any, the plaintiff suffered any pecuniary loss, owing to the fact that the cattle arrived in Kansas City in bad condition, footsore, drawn, shrunken, or gaunted, you will find for the plaintiff and assess his damages at such sum as you believe from the preponderance of the evidence would cover the difference between the value which the cattle would have brought if delivered in Kansas City within a reasonable time and the value they did bring when actually delivered at Kansas City; but unless you believe from a preponderance of the evidence that the defendant, Railway Company, was guilty of negligence resulting in a failure to deliver such cattle within a reasonable time and thereby rendering them footsore, drawn, shrunken, and gaunted, then you will find for the defendant."

The jury found for the plaintiff and assessed his damages at $1,084.48, and judgment was rendered accordingly. From that judgment, the Railway Company has appealed.

### Opinion.

Appellant assigns error to the action of the court in permitting appellee to testify to the weight of the cattle at Sierra Blanca, and asserts the evidence is insufficient to qualify him to give expert evidence on the subject.

The record reflects that appellee had been in the cattle business 42 years; that during that time he had shipped cattle almost every year in some direction; that some years he shipped as many as a thousand cattle, while other years only a few carloads; that he had received returns on the various shipments.

[1,2] These facts seem to us to be sufficient to authorize the court to admit his testimony, and the question of the weight to be given to it then became a question for the jury.

[3] The testimony of appellee as to what he thought the market at Fort Worth would be became immaterial upon the court only submitting the case to the jury on the theory of the negligence of appellant in delivering the cattle in Wichita, and certainly no harm was done to appellant by its introduction.

[4] Appellee testified that from 70 to 72 hours was a reasonable time for the transportation of the cattle from Sierra Blanca to Wichita, and appellant assigns error to the court's action in admitting this testimony.

We find from the record that the witness Oliphant was permitted to testify, without objection, that a reasonable time for the transportation would be 60 to 65 hours, and that the testimony of the witnesses Cleary and Paler shows that the cattle would have reached Wichita in less than 64 hours if they had been shipped as originally billed, while the witness Paler testifies that they would reach Wichita quicker going by Fort Worth than over the Orient.

The last two witnesses were called by appellant, and under this state of the record, if there was any error, it was certainly harmless.

Appellant also complains of the admission of certain testimony by appellee that he had a conversation with the agent of appellant with reference to changing the shipment from Fort Worth to Wichita, and that if he had known that the cattle could not go over the Orient he would have sold them in Fort Worth.

Appellant objected to this testimony on the ground that the bill of lading was the contract of shipment, and under the law which provided that all the terms of the contract had been merged into the bill of lading, and that such conversations with reference to the execution of the same were ultra vires and void.

Appellee, in his supplemental petition, alleged negligence on the part of appellant's agent in failing to notify him of the washout on the Orient; that appellant's agent knew he would have sold the cattle in Fort Worth if he had been apprized of washout on the Orient; and that he was damaged by such negligence.

[5] This theory of the case was not submitted to the jury by the court, but we think it was admissible as to that issue and was not error. The issue submitted to the jury was as to whether appellant was negligent in transporting the cattle, to Wichita promptly, and we think we can safely presume that they limited their consideration to the evidence on that question.

As we gather from the brief of appellant, he is also asking for a reversal of this case because (1) the court permitted appellee to testify as to what the amount of shrinkage would be on a shipment of cattle from Sierra Blanca to Wichita; (2) because the court admitted in evidence that part of the deposition of the witness Lehrling as to what the market value of the cattle would have been if they had arrived in Wichita with no more damage than would be reasonably incident to a shipment from Sierra Blanca to Wichita; (3) and because of the admission of that part of the deposition of the witness Stockton relative to the market value of the cattle on the day they were sold in Kansas City and what their reasonable market value would have been had they arrived without more delay than is ordinarily incident to such a shipment—appellant's contention being that the evidence failed to show them to be qualified as experts.

As above stated, appellee testified to having been engaged in the cattle business for 42 years, shipping and receiving returns on

shipments of cattle during all of that time; the record shows the witness Lehrling to be the owner of the Standard Live Stock Commission Company, a commission merchant for 18 years, and to have handled live stock for 35 years; while it also shows the witness Stockton to have been engaged in the business of selling cattle on the market for 35 years.

[6] Whether a witness has such knowledge of the facts as to make his opinion of value is, in a great measure, at the discretion of the trial court (M., K. & T. R. Co. v. Hedric [Tex. Civ. App.] 154 S. W. 633; Guerra v. San Antonio Sewer Pipe Co. [Tex. Civ. App.] 163 S. W. 669 [error refused]; Fire Ass'n of Philadelphia v. Powell [Tex. Civ. App.] 188 S. W. 47; Fort Worth & D. C. Ry. Co. v. Hapgood [Tex. Civ. App.] 210 S. W. 969 [error refused]), and reviewable only in a case of clear abuse (Early-Foster Co. v. Gottlieb [Tex. Civ. App.] 214 S. W. 520).

[7] Whether the facts were sufficient to qualify these witnesses to testify on the matters before the court was a question for the court to decide, and we find no abuse of his discretion in holding them sufficient.

Appellant further contends that the court should have given a peremptory instruction in its favor and assigns error to the court's refusal so to do. Appellant advances two propositions as a basis for the instruction requested: (1) That the cattle reached Wichita, Kan., within a reasonable time; and (2) that the uncontroverted evidence shows that the shipment was made by the shortest possible route.

[8] While there is evidence that it was nearer to Wichita by way of Fort Worth, yet we cannot agree with the proposition that the cattle were transported within a reasonable time.

There is a variance between the time fixed by the witnesses as a reasonable time.

Appellee testified that a reasonable time was from 70 to 72 hours; Oliphant testified that it was from 60 to 65 hours; while the testimony of appellant's witnesses shows that the cattle would have reached Wichita, if the shipment had been made as originally billed, in less than 64 hours, allowing a stopover at Sweetwater of more than 9 hours, and that it was nearer by way of Fort Worth. The record shows that the cattle left Sierra Blanca at 7:20 p. m. on October 4th and reached Wichita at 5:30 a. m., October 8th, more than 82 hours; therefore we think the evidence amply sufficient to justify the submission of the issue of reasonable time to the jury.

By its tenth assignment of error, appellant challenges the correction of the court's charge as to the measure of damage and insists that the court should have charged the jury that appellee's measure of damages to be "the difference between their market value as they would have arrived but for the carrier's negligence and their market value in their actual condition as they did arrive."

[9] The charge given by the court read as follows:

"You will find for the plaintiff and assess his damages at such sum as would cover the difference between the value which the cattle would have brought if delivered in Kansas City within a reasonable time and the value they did bring when actually delivered at Kansas City."

The only testimony in the record as to what the market value of the cattle was in the condition in which they reached Kansas City and as to what their market value at Kansas City would have been if they had arrived there within a reasonable time is that of the witness Stockton. His testimony on these matters is uncontradicted either by the witnesses of appellant or by any other witness in the case.

The value the cattle brought being their market value in the condition in which they arrived, the court was justified in finding that to be their market value and in instructing the jury as it did. There being no dispute as to what the market value of the cattle would have been had they reached Kansas City within a reasonable time, the court committed no error in the other part of the charge.

The instruction contended for by appellant is, in our opinion, the correct one, yet, under the facts of this case, we think the error was harmless.

[10] We do not agree with appellant that the court should have given its requested instruction as to its liability for delay on account of the washout and that same was "an act of God." As has been said before, the question of liability for diverting the shipment from its original routing was abandoned by appellee, and such issue was not submitted to the jury; therefore the instruction requested was not a proper one, and the court committed no error in refusing it.

The judgment of the trial court is affirmed.