## HIBBITTS v. FARRIER.
### No. 4372.

Court of Civil Appeals of Texas. Amarillo.
Feb. 18, 1935.

Rehearing Denied April 1, 1935.

C. R. Newland, of Linden, for appellant.

S. I. Robison, of Texarkana, for appellee.

HALL, Chief Justice.

As near as we can gather from the imperfect statement of the nature and result of this suit found in the briefs of the parties which have been tendered for filing, it is a suit in trespass to try title brought by W. G. Farrier against C. Edward Hibbitts to recover 160 acres of land in Bowie county. It is also an effort to set aside an alleged fraudulent conveyance made by the father of appellant to him and to cancel the elder Hibbitts' deed and quiet the title of plaintiff Farrier.

Third parties recovered a judgment against Dr. C. D. Hibbitts, the father of appellant, in Morris county, in May, 1931. This judgment was affirmed by the Texarkana Court of Civil Appeals. Later, Dr. Hibbitts and his wife conveyed the land in question to appellant, their son. After he had owned it for eighteen months, execution was issued in favor of the plaintiffs on the Morris county judgment against Dr. C. D. Hibbitts and was levied upon this land by the sheriff who sold it, and the appellee herein, Farrier, became the purchaser.

The case was submitted to the jury, and in response to special issues they found that the appellant was holding the legal title to the property in controversy for the use of his father; that the father's deed to the son was made with intent to hinder, delay, and defraud the father's creditors; that at the time of the conveyance the father did not have sufficient property within the state subject to execution to pay the debt he owed; that the father and his wife so confused and blended their separate property with their community property that the wife's separate property could not be traced and identified.

Based upon this verdict, the court rendered judgment in favor of Farrier.

The briefs of the parties in this case have been prepared without any regard whatever to the rules governing the briefing of cases.

The appellant has tendered to the clerk of this court for filing three copies of what he says is the appellant's brief. Court of Civil Appeals Rule No. 36, promulgated by the Supreme Court (effective September 1, 1921), provides that on or before the day fixed for the hearing of the cause four copies of the brief of each party shall be filed in the office of the court. Neither of the copies has been signed by any one, as required by said rule. Appellee's brief does not give the post office address of the attorney signing it, as required by said rule. The attempted statement of the nature and result of the suit is so meager and incomplete that we have been forced to go to the record in order to ascertain what kind of a case we have. In this particular they fail to comply with the requirements of R. S. art. 1757 as amended by Acts 1931, c. 45, § 1 (Vernon's Ann. Civ. St. art. 1757), and Court of Civil Appeals Rule 29. Appellant's

purported brief, of more than eight pages, contains just half that many references to the record. Court of Civil Appeals Rule 31 requires that after each proposition there shall be "a clear and accurate statement of the record bearing upon the respective propositions with a reference to the pages of the record." The appellee's brief of seven pages contains only two references to the record, as follows, "See charge of the Court," and "See agreement of parties in S.F." We have seen the "S.F.," in fact it lies before us now, contains 110 pages, but in view of the crowded condition of our docket we have not the time, even if we were required to do so, to read through a statement of facts to ascertain what the agreement is.

It does not appear that the purported brief of the appellant has ever been filed in the trial court, as required by District and County Court Rule 102.

■ In several places the appellant states what his contention is with reference to several features of the case, but it contains only three propositions, neither of which is anything more than an abstraction. For example: "A judgment debtor may convey any part of his property as a gift if shown not to have been insolvent at the time of making conveyance and burden on creditor to show insolvency." Neither of the propositions complains of any error committed by the trial court or any one else anywhere at any time to the prejudice of the appellant. The rule is that propositions and assignments of error must be specific and must clearly point out the error complained of. When as in this case the brief contains only a statement of abstract propositions of law, there is nothing for us to consider and, in fact, we are not required to consider abstract propositions. Holsomback v. Taylor (Tex. Civ. App.) 61 S. W.(2d) 544; Fidelity Union Casualty Co. v. Koonce (Tex. Civ. App.) 51 S.W.(2d) 777; Ferguson v. Conklin (Tex. Civ. App.) 51 S. W.(2d) 622; 3 Tex. Jur. 880, § 614.

The appellant's brief contains no assignments of error as required by amended art. 1844 (Acts 1931, c. 75, § 1, Vernon's Ann. Civ. St. art. 1844). The appellee's brief contains no cross-assignments.

On December 3, 1934, this case was set for submission on February 11, 1935, and both parties were duly notified of the date of such setting. R. S. art. 1848 as amended by Acts 1931, c. 64, § 1 (Vernon's Ann. Civ. St. art. 1848) provides that the appellant shall have thirty days from the date of such notice in which to file his brief in the Court of Civil Appeals. The purported brief of appellant was not received by the clerk of this court until three days before the date of submission; that is, on February 8, 1935. Said article 1848 further provides that upon good cause shown the Court of Civil Appeals may grant either or both parties further time for filing their respective briefs, and may extend the time for the submission of the case. The appellant filed no motion for permission to file his brief, in which he states any cause or any excuse for not having filed his brief within thirty days from the date of the notice of setting, nor has he asked for permission for an extension of time in which to file briefs.

■ Appellant did, however, in the same letter which he transmitted his brief to the clerk, file a motion to postpone submission. This motion is not sworn to and as grounds for postponement states that counsel had been expecting to get notice of the date when the case would be heard at Texarkana and relied thereon to the extent of having permitted other cases to be set by agreement, so that not having received notice of the date on which cause might be heard at Texarkana, places counsel in a position that a postponement is earnestly desired for the purpose of securing time in which to rearrange setting and secure definite information as to whether or not the court will be in Texarkana on any future date, as well as to have time in which to prepare his brief and argument. This is in no sense a motion to extend the time for filing briefs. Even if it had been properly verified, it states no ground for postponing the case, as it was his duty to file his brief with the clerk of this court within thirty days after this clerk had notified him of the day of setting.

Appellee transmitted the three copies of his purported brief to the clerk with the request that the same be not filed unless the court filed appellant's briefs. For the numerous reasons stated above, appellant's brief will not be filed, and, in accordance with appellee's request, the clerk has been instructed not to file his briefs.

We have inspected the record, and find no fundamental error. It is therefore ordered that the appeal be dismissed.