## UNIVERSAL LIFE & ACCIDENT INS. CO. v. NANES.

### No. 4559.

Court of Civil Appeals of Texas. Amarillo.

March 2, 1936.

Rehearing Denied April 6, 1936.

Storey, Sanders & Sherrill, of Dallas, and Kerr & Gayer, of San Angelo, for appellant.

J. D. Burns, of San Angelo, for appellee.

HALL, Chief Justice.

The appellee, Nanes, filed this suit against the appellant to recover upon a policy of insurance issued by appellant June 1, 1934, upon the life of Margarita Nanes, his wife, alleging that she died July 12, 1934. He seeks to recover $500, the face of the policy, and interest, prays for 12 per cent. penalty and $150 attorney's fees.

The appellant answered, attaching the application for insurance, and alleging that on May 12, 1934, Margarita Nanes, appellee's wife, had made a written application to appellant requesting a $500 life insurance policy without medical examination; that in the issuance, countersigning, and delivery of the policy sued on, appellant had relied upon the representations contained in said application; but that contrary to the representations denying her physical condition, Margarita Nanes was then suffering from a cancerous disease with a fistula which created an opening between her vagina and the small intestines.

Appellee recovered judgment for $650.56.

It was stipulated that the application introduced in evidence was the only one Margarita Nanes had ever signed; that the answers it showed were put down as she gave them, and the instrument was read to her.

Dr. Rush examined Margarita Nanes and diagnosed her trouble as cancer situated between the smaller intestines and her vagina, and told appellee and his wife that she needed radium treatment. It was admitted that two other doctors told him they could not cure her without some money; that in two months after the application was signed Margarita Nanes died. As we gather from the briefs, the three doctors examined her after the application and probably before the policy had been issued and delivered to the appellee and the first premium had been paid. Still if the examinations were prior to the application, it only presents an issue of fact as hereinafter discussed. Drs. Cobb and Rush testified they found a cancerous condition. Dr. Brown, who seems to have given her a more careful examination, said he found a fistula lesion, and that the contents of her small intestines were passing through the fistula into and were being discharged through the vagina. There is no medical testimony as to her condition at the time the application was signed.

The appellant submits the case here upon five propositions. The first, fourth, and fifth cannot be considered because they are mere abstractions. Lord v. Hatcher (Tex.Civ.App.) 83 S.W.(2d) 758; Hibbitts v. Farrier (Tex.Civ.App.) 80 S.W.(2d) 1083. The first is a fair sample of the others, and is as follows: "Facts established without dispute in the evidence require judgment accordingly. Submission of an issue to a jury on such facts, over appropriate objections seasonably presented, is without effect." That may, or may not, be true, but we are not required to search through the state-

ment of facts to ascertain what evidence establishes without dispute any particular issue raised by the pleading. The law imposes that duty upon the appellant.

The second proposition is as follows: "2. Whereas in this case the evidence on Margarita Nanes' lack of good health on June 1, 1934 was undisputed, it was error to permit counsel for appellee, plaintiff below, to tell the jury that they could ignore the testimony of one hundred witnesses." The principal trouble with that proposition is that the issue of Margarita Nanes' good health was a sharply contested issue, and the evidence of the doctors was certainly disputed by circumstances hereinafter set out.

The third proposition is: "3. Where, as in this case, the existence of the lesion inquired about in the court's charge was undisputed in the evidence, then the argument to the jury impliedly approved by the trial court that the jurors still did not know that it existed and could therefore answer 'no' these things imposed on appellant the burden of proving such fact to a moral certainty and imposed on appellant an excessive burden not authorized by law in a civil case."

■ A jury is not bound to accept the testimony of expert witnesses as true. The opinion of an expert is entitled to only such weight as the jury may see fit to give it. In Nat'l Life & Accident Co. v. Muckelroy (Tex.Civ.App.) 40 S.W.(2d) 1115, it is said that the opinions of physicians concerning insured's health when the policy was issued are not conclusive upon the jury. See Houston, B. & T. R. Co. v. Vogel (Tex.Civ.App.) 179 S.W. 268; Gulf, C. & S. F. Ry. v. Davis (Tex.Civ.App.) 225 S.W. 773; Guinn v. Coates (Tex.Civ.App.) 67 S.W.(2d) 621; Houston, E. & W. T. Ry. v. Southern Pine Lumber Co. (Tex. Civ.App.) 6 S.W.(2d) 418; Texas & P. Ry. v. Moore (Tex.Civ.App.) 7 S.W.(2d) 902; Edwards v. West Texas Hospital (Tex.Civ.App.) 89 S.W.(2d) 801.

■ It may be admitted that there was a fistula, as testified by the doctors who examined her some time after the application was made, and still that condition may not have existed at the time the application was taken by the company's agent, and in which he certified that she was in good health, as the testimony of her husband and the Mexican witnesses tends to show.

The appellee testified that his wife was sick four or five days before she died, but was not sick at the time he paid the premium, and had not been in bed up to that time; that she continued to do her work up to the time she went to bed, looked after the baby and the other children, and the only time she ever failed to fix his meals was during the five or six days of her sickness which terminated in her death; that prior to that time she did her washing and cooking; that she complained of pain at the time of her menses, but at no other time.

Santana Janis testified that she had known Margarita Nanes nearly all of her (witness') life; that she saw Margarita very often and she appeared to be in good health; that she never heard her complain of suffering any pain or being sick; that she had taken meals at Margarita's house and had seen her washing for the family, scouring the floor; and that she was in good health. To the same effect is the testimony of Mattie Hutt, Simouna Gonzales, and Salvador Arocha. The testimony of these women, though circumstantial (17 Tex.Jur. 166), tends to negative the idea that Margarita had a fistula when the application was made.

■■ The books are full of cases which hold that a verdict on conflicting evidence will not be disturbed in the absence of legal error. Waggoner v. Zundelowitz (Tex.Civ.App.) 231 S.W. 721. Nor will it be disturbed because it appears to be against the preponderance of the evidence. Niagara Fire Ins. Co. v. Lee (Tex. Sup.) 19 S.W. 1030. The Supreme Court has said several times that on appeal the appellate court can weigh conflicting evidence only to ascertain that the verdict has support in the evidence. Boyer & Lucas v. St. Louis, S. F. & T. Ry. Co., 97 Tex. 107, 76 S.W. 441; Sabine & E. T. Ry. v. Johnson (Tex.Sup.) 7 S.W. 378; Mynatt v. Hudson, 66 Tex. 66, 77 S.W. 396.

■ In Walton v. Cottingham, 30 Tex. 772, the court said where the evidence is conflicting, but it is sufficient to support the verdict, it will not be disturbed though the reviewing court might reach a different conclusion. This doctrine has been reaffirmed in numerous cases and is applicable here. So. Traction Co. v. Jones (Tex.Civ.App.) 209 S.W. 457; Ross v.

476

Kornrumpf, 64 Tex. 390; T. & N. O. Ry. v. Rooks (Tex.Com.App.) 292 S.W. 536; Id. (Tex.Civ.App.) 283 S.W. 622; Id. (Tex.Com.App.) 293 S.W. 554; El Paso Electric Co. v. Whitenack (Tex.Com.App..) 1 S.W.(2d) 594; .Id. (Tex.Civ.App.) 297 S.W. 258.

Because the only two propositions which can be considered attack the argument of counsel in which the jury was informed that they were judges of the weight of the testimony and the credibility of the witnesses, and that they could believe or disbelieve any witness at their option, where the evidence was conflicting, no error has been shown.

The judgment is therefore affirmed.