### ROOTS v. BROTHERHOOD OF RAILROAD TRAINMEN.

#### No. 13330.

Court of Civil Appeals of Texas. Fort Worth.

March 13, 1936.

Rehearing Denied April 10, 1936.

Head, Dillard, Maxey-Freeman & Mc-Reynolds and Jesse F. Holt, all of Sherman, for plaintiff in error.

Brame & Brame, of Sherman, for defendant in error.

BROWN, Justice.

For convenience, we will refer to the parties in this case as appellant and appellee.

Logan C. Roots, appellant, brought suit in the district court of Grayson county against the Brotherhood of Railroad Trainmen, appellee, on a beneficiary certificate, issued to the appellant, seeking to recover total disability because of the loss of one of his eyes.

Appellee filed a plea in abatement, which was heard by the trial court, was sustained, and appellant's cause of action dismissed. The appeal is taken from this action.

We find two assignments of error in appellant's brief, as follows:

"1. The amendment to section 68 of the Constitution, effective September 1, 1933, is wholly ineffective in this case. It cannot alter the contract evidenced by the beneficiary certificate nor the liability of the defendant."

"2. Defendant, denying any and all liability to the plaintiff, waived proofs of disability, nor was it necessary, under the facts, for defendant to follow the remedy and procedure outlined in the Section and the Constitution."

Appellee presents to us its objections to the consideration of these assignments of error, because they present mere abstract propositions and do not complain of any action of the trial court, and are too general and indefinite to require consideration, and because both assignments of error are multifarious. We are convinced that the objections are well taken. Lamar-Delta County Levee Improvement District No. 2 v. Dunn (Tex.Com.App.) 61 S.W.(2d) 816; Hibbitts v. Farrier (Tex.Civ.App.) 80 S.W.(2d) 1083; Lord v. Hatcher (Tex.Civ. App.) 83 S.W.(2d) 758; 3 Tex.Jur. p. 799, par. 567.

We do not feel that the two propositions presented in appellant's brief are sufficient to present the error, or errors, supposed to have been committed by the trial court, and hold that they do not assist the assignments of error.

This brings us to the question of fundamental error. We do not find where any fundamental error has been committed by the trial court. Magnolia Petroleum Co. v. Stockton (Tex.Civ.App.) 271 S.W. 180, by Mr. Justice Dunklin.

The judgment of the trial court is affirmed.