# THIRD DISTRICT, 1897.

---

INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v.
NANNIE ANDERSON.

Decided January 13, 1897.

**1. Passenger—Leaving Train—Right to Assistance.**

A passenger has the right, if he desires, to leave the train at a station on the route short of the destination called for in his ticket, and if this purpose is made known to the brakeman he is under the same duty to render such assistance to the passenger in alighting from the train as his physical condition requires as he should extend to the passenger if leaving the train at the point called for in his ticket.

**2. Same.**

An invalid passenger having a ticket from Galveston to Palestine on a through train disembarked at Houston, an intermediate station, pursuant to directions to change cars there given by the brakeman whose duty it was to assist passengers to alight and who, at her request, carried her from the train, and in so doing injured her by striking her back against the seat. Held, that he was acting within the scope of his employment and the company was liable.

**3. Same—Brakeman—Scope of Employment.**

The statement of facts not showing that plaintiff was removed from the cars against her will, the question of the authority of the brakeman to eject the passenger before reaching her destination was not involved in the case.

**4. Same—Carrier—Assault on Passenger.**

If carried from the car against her will, the liability of the carrier could rest upon the proposition that the forcible expulsion embraces an assault, from which the carrier rests under the duty of protecting the passenger.

Appeal from the District Court of Travis County. Tried below before Hon. F. G. Morris.

*Hogg & Robertson,* for appellant.—The city of Houston was not the point of destination or proper place for the plaintiff to disembark from the train and the acts of the brakeman in putting her off the train against her wish were not within the scope of his employment, and defendant can not be held liable for any injury thereby occasioned. Railway v. Anderson, 82 Texas, 520; Railway v. Black, 87 Texas, 160; Railway v. Cooper, 88 Texas, 607.

Houston not being the point of destination of plaintiff or the place where she desired to disembark from the cars, it was not within the line of duty or employment of the brakeman to remove plaintiff from the train at that point, nor was it within the line of the brakeman's employment or duty to carry the plaintiff off the train in his arms or in any other manner to remove her therefrom, even if Houston had been her point of disembarkation. Same authorities.

*Fiset & Miller,* for appellee.—The acts of the brakeman towards plaintiff were within the apparent scope of his employment and the company was responsible therefor, whether, in fact, it had conferred the authority upon him or not. Railway v. Cooper, 88 Texas, 610; Cooley on Torts (2d ed.), 630, 632; Bishop on Non-Contract Law, secs. 1067, 1068; Railway v. Gorbet, 49 Texas, 574.

It was the duty of defendant company to protect plaintiff from the violence and assaults of its own servants, and if its brakeman attempted to carry plaintiff out of the car, even if it was not his duty to do so, and handled her roughly and injured her, the defendant would be liable for the consequences of the brakeman's negligence. Dillingham v. Russell, 73 Texas, 52; Railway v. Edmond, 29 S. W. Rep., 518; Railway v. Griffith, 35 S. W. Rep., 741; 65 Texas, 645; 64 Texas, 145, 539.

Where a railway company voluntarily accepts as a passenger one whose physical disability is apparent or is made known to its servants, and renders special assistance necessary, the railway is negligent if such assistance be not afforded. 2 Am. & Eng. Ency. Law, 767, note 2; Bishop on Non-Contract Law, sec. 1124; Patterson's Railway Accident Law, sec. 278; Railway v. Rushing, 69 Texas, 315; Railway v. Miller, 79 Texas, 84.

FISHER, Chief Justice.— *Opinion.*—The appellee seeks relief in damages for injuries sustained by her in being removed from the appellant's train by its brakeman when she was a passenger thereon. The compensation allowed by the verdict and judgment in the court below was five hundred dollars.

The facts pleaded and those proven by the plaintiff which are the basis for the verdict and judgment are: That the appellee, at Galveston, at the time alleged, purchased a ticket over the appellant's line of road

from Galveston to Austin, Texas, by way of Houston and Palestine. She was authorized by this ticket to pursue her journey direct to Palestine without change of cars at Houston, but was required to change at Palestine to the line of appellant's road going south to Austin. At the time she was helpless from disease and was unable to walk, and was assisted and bodily carried upon the appellant's train at Galveston by its brakeman, with the assistance of a policeman, and by virtue of the possession and ownership of the ticket she then became and was a passenger upon appellant's train. The brakeman, upon the arrival of the train at Houston, stated to appellee and her mother and sister—her traveling companions upon board of appellant's train as passengers to Austin by way of Palestine—to change cars there at Houston, and thereupon the mother of appellee stated to the brakeman that appellee would require assistance in leaving the train. The brakeman knew this to be the case, and thereupon picked up the appellee in his arms and hurriedly left the train with her, and in doing so by his carelessness and negligence struck her back against a seat in the car, and as a result she sustained the injuries of the character and nature alleged in her petition, for which the judgment recovered is not an excessive or unreasonable compensation. These ladies at the time voluntarily left the train, but in obedience to the statement of the brakeman that they had to change cars at Houston. It was a part of the brakeman's duty to call out the stations upon arrival of the train, and to assist passengers on and off the train, but it was not his duty to eject a passenger from the train or to remove a passenger therefrom against his will except when so directed by the conductor. The conductor of this train did not direct the act of the brakeman in the removal of appellee, or instruct him to notify her to change cars. In fact, the conductor knew nothing of the circumstances detailed at the time they occurred.

The appellant insists that it was not a part of the duty of the brakeman to assist a passenger from the train at a station short of his destination, and the appellee had no right to require assistance from the brakeman in leaving the train at an intermediate station; and, further, that the brakeman did not have authority to require the appellee to change cars, and as a consequence remove her from the train against her will. This, in the main, presents the defenses relied upon.

A passenger has the right, if he desires to exercise it, to leave the train and abandon it as a passenger at a station on his route short of his destination as called for in his ticket; and if this purpose is made known to the brakeman he is under the same duty to render such assistance to the passenger in alighting from the train as his physical condition requires as he should extend to the passenger if leaving the train at the point called for in his ticket.

Viewing the case from any standpoint, from the facts as stated the liability of appellant must result. If the appellee voluntarily left the train at Houston, the brakeman knew of her purpose in this respect, and it follows that it was his duty to render her such assistance as her

condition required in order that she may safely alight. If she indicated a willingness to leave the train in pursuance of the statement of the brakeman that she and her mother and sister change cars at Houston and in view of this statement abandoned the train, a like duty rested upon the brakeman to extend such assistance as she would have required in leaving the train if the statement of the brakeman had been true. The fact that the brakeman falsely stated that she should change cars and requested her to leave the cars at Houston would not relieve him, when she, acting upon this mistake, indicated a purpose to leave the train, to render her such assistance as her condition required. At once when it was ascertained that she was leaving the train and abandoning it, whatever may have been her reason for so doing, the duty rested upon the brakeman to render her such assistance to safely accomplish that purpose as the exigencies of the occasion and her condition required.

We do not wish to be understood as holding that the forcible expulsion and removal of a passenger by the brakeman would be an act within the line of his duty, for which his master would be liable, for that question under the facts does not arise in this case; but if it was important that such a question should be decided, the liability of the carrier could rest upon the proposition that the forcible expulsion embraces an assault, from which the carrier rests under the duty of protecting the passenger.

These views practically answer all of the objections raised in the assignments of error.

In reply to the first assignment of error it may be said that the statement of facts does not show that the plaintiff was ejected or removed from the train over her objections by the brakeman. She and her mother and sister went willingly from the train, and she by the assistance of the brakeman, who was required to bodily carry her out on account of her inability to walk.

In reply to the second assignment of error it is only necessary to state that the charge of the court in effect withdrew from the consideration of the jury any issue in the case tending to show that the plaintiff was forcibly or over her objections removed from the train. Judgment affirmed.

                                                    *Affirmed.*