MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. HENRY OVERFIELD.

Decided October 19, 1898.

1. **Pleading—Negligence.**

Where, in an action against a railway company for personal injuries sustained by a passenger, the petition charges that the injuries were occasioned by the negligence of defendant's servants, setting forth the acts complained of, and thus by unmistakable intendment charging them to be negligence, it is not necessary that they should be expressly averred to constitute negligence.

2. **Railway Company—Passenger's Right to Leave Train.**

The motive which induces a passenger to alight temporarily at an intermediate station is immaterial in an action brought by him for personal injuries received in the very act of so alighting from the train.

3. **Same—Right Not Lost by Stopping Off.**

A passenger on a railroad train remains a passenger on getting off at an inter-mediate station so long as his object in doing so is not inconsistent with the character of a passenger.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*F. C. Davis* and *Floyd McGown,* for appellant.

*Summerlin & Walling* and *Ed. Halton,* for appellee.

JAMES, CHIEF JUSTICE.—Plaintiff made the following allegations, in substance: That he took passage on appellant's train at Taylor for Greenville, Texas, which route carried him through the town of Temple. That on approaching Temple appellant's porter called out "Temple," and opened the door to allow passengers to get on or off, and thereupon the train stopped, and plaintiff, being thereby led to believe that the train was at the station, got off, as he supposed upon the platform, when in fact the train had not reached the station, but had stopped on a trestle, and it being night time, and there were no lights, plaintiff, although exercising due care at the time, stepped out and fell into an excavation containing water, whereby he sustained bodily injuries and all his clothing became drenched. That it was in January; that the car had been allowed to get cold, and his having to continue his journey under such conditions to his destination resulted in his severe sickness and permanent disability, for all of which he prayed for damages. He alleged that he complained to the conductor of his drenched and cold condition, stating that he feared it would make him sick, and asked to be permitted to stop off until the next train, which was refused, and plaintiff, being without means to procure another ticket, was compelled to prosecute his journey. The petition alleged also that his injuries, which were set forth with detail, were caused by the negligence of defendant. He alleged that he desired to "temporarily leave said car at Temple" as his reason for attempting to do so.

To the petition defendant demurred, and here contends that it does

not appear therein that defendant owed plaintiff any duty with reference to the station of Temple, in that it does not allege that plaintiff notified defendant's employes that he desired to get off at Temple, an intermediate station; and because it did not allege that he undertook to get off at Temple for some purpose essential to his journey, such as getting his ticket changed. There was another demurrer upon the ground that the petition has no express allegation that defendant "had been negligent either in announcing the station or in stopping the train over a trestle, nor that the two acts concurring constituted the negligence which caused plaintiff's injuries."

The latter ground of demurrer is not well founded. The petition charges that the injuries were occasioned by the negligence of defendant's servants, and sets forth the acts of its servants of which he complains, as leading to his injuries,—therefore the petition by unmistakable intendment, if not expressly, charges those acts as negligence. This disposes of the third assignment of error.

As to the other ground of demurrer, we are of opinion that a passenger is not required to remain upon a train, from the starting point to the point of destination, and permitted to alight at an intermediate station only for some purpose connected with his journey. Getting off at intermediate stations from motives of either business or curiosity has been held not to deprive one of his character as a passenger, or of his right to precautions for his safety as such. Parsons v. Railway, 113 N. Y., 355. We conceive the correct rule to be that he remains a passenger on getting off at intermediate stations so long as his object in doing so is not inconsistent with the character of passenger. In this State it has been held that he loses none of the rights of a passenger in getting off at such a station to deliver a private message to a person on the platform. Railway v. Cooper, 2 Texas Civ. App., 42. The refusal by the Supreme Court of a writ of error in the latter case, we think, settles against appellant the propositions made in its second, fourth, and ninth assignments of error. It also disposes of the fifth assignment, because it was immaterial what motive plaintiff had in alighting, as we will hereafter explain. If it should be held that the purpose of his getting off should have been more specifically alleged, still the special demurrer was not upon that ground, but upon the ground that it did not appear from the petition that he desired to get off for a purpose connected with the journey, and that it therefore appeared that defendant owed him no duty at that place in respect to egress. This ground of the demurrer was not good. We are of opinion that the defendant presumptively owes a passenger such duty in cases like this where the injury is received in getting on or off a train at a station, and that the pleading need not in such case state the purpose for which the passenger leaves it in order to state a case. But in the case we have before us, one where the injury is received in the very act of alighting at a regular station (not after he had alighted), the motive of the passenger is wholly immaterial, for the passenger has the undoubted right to alight at such place for the time the

train remains there, or to leave the train altogether if he desires, and while he is in the act of alighting he is clearly a passenger, and entitled to be treated as such.

There is no merit in the ninth assignment. If the evidence is consulted it appears that plaintiff sought to get off at Temple because he thought he changed cars there.

The seventh and eighth assignments criticise the first paragraph of the court's charge, but we consider them not well taken.

The sixteenth assignment of error we dispose of by saying that plaintiff stated in his testimony that he owed the sum of $40 for medical attention, qualifying his previous statement that it was about that sum.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.