## TEXAS & N. O. R. CO. v. ROOKS.
### (No. 3207.)

(Court of Civil Appeals of Texas. Texarkana. April 8, 1926. Rehearing Denied April 22, 1926.)

1. **Carriers ⟐348(13)—Instruction that burden was on defendant railroad to prove plaintiff's contributory negligence held not error, where failure to provide safe place to alight was only ground of recovery submitted, though plaintiff knew of brakeman's mistake in calling station.**

Where failure to provide safe place for plaintiff to alight was only ground of recovery submitted, though plaintiff pleaded brakeman's negligence in calling out and directing her to get off at wrong station, instruction that burden of proving contributory negligence was on defendant railroad was not error, though plaintiff knew of brakeman's mistake.

2. **Carriers ⟐339.**

Leaving train at wrong station *held* not direct and proximate cause of injury to passenger in alighting thereat.

3. **Carriers ⟐247(5) — Passenger may leave train temporarily at station not her destination without losing status as passenger, entitled to same high degree of care as at destination.**

Passenger may leave train temporarily at another station than her destination without losing status as passenger, entitled to same high degree of care as at destination.

4. **Carriers ⟐303(6)—Carrier opening doors and providing means for passenger to alight at station other than her destination should exercise due care to provide safe means.**

While passenger may not demand that doors be opened and that she be allowed to alight at station other than her destination, carrier opening doors and providing means and conveniences for passengers to alight thereat should exercise due care to provide safe means for purpose.

5. **Appeal and error ⟐1062(1)—Submission of special issues as to injuries to alighting passenger claimed to require finding of evidence, held not injurious to defendant.**

In action for injuries to alighting passenger, submission of special issues as to whether ground on which brakeman placed stool was rough and uneven, whether such condition prevented it from being reasonably safe place to alight, whether defendant was negligent in placing stool thereon, and such negligence was proximate cause of plaintiff's injuries, etc., was not injurious to defendant, if erroneous as requiring jury to find evidence instead of ulti-

mate facts, though more concise form might have been used in submitting them.

Appeal from District Court, Anderson County; Ben F. Dent, Judge.

Action by Mrs. Maggie Rooks against the Texas & New Orleans Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, Joe N. Davis, of Palestine, and Garrison & Watson, of Houston, for appellant.

W. C. Campbell, Clay Cotton, and Geo. M. Irving, all of Palestine, for appellee.

HODGES, J. This appeal is from judgment against the appellant for personal injuries sustained by the appellee in alighting from a passenger train at Poyner, Tex. The facts show that in April, 1924, the appellee was a passenger on one of appellant's trains, going from Jacksonville to La Rue. When the train arrived at Poyner, an intervening station, the brakeman called out "La Rue," and informed appellee that this was her place to get off. The brakeman was mistaken in the identity of the station, and the appellee knew that he was mistaken, but obeyed his directions and got off. In alighting from the train she stepped on the stool or box placed there for that purpose. She testified that the ground upon which the box was placed was unlevel, and that the box careened, causing her to become unbalanced. She did not fall, but received a wrench which she claims caused internal injuries. She alleged negligence on the part of the brakeman in directing and requiring her to leave the train at Poyner, and in providing her an unsafe place in which to alight. Appellant pleaded a general denial and contributory negligence.

The court submitted the following issues to the jury:

"(1) Was the ground upon which the brakeman placed the step or stool to aid the plaintiff in getting off the train rough, uneven and unlevel?

"(2) Did such rough, uneven, and unlevel condition of said ground prevent such place from being a reasonably safe place for plaintiff to alight from said train?

"(3) Was the defendant negligent in placing, if it did, such step or stool on such uneven, unlevel, and rough ground?

"(4) If you have answered No. 3 'Yes,' then was such negligence the proximate cause of plaintiff's injuries?

"(5) Did such step or stool careen or wabble when the plaintiff stepped upon the same in alighting from said train?

"(6) If you have answered question No. 5 'Yes,' then, was the careening or wabbling of said step or stool the proximate cause of plaintiff's injury?"

All of these questions were answered in the affirmative. Upon those answers and a

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

further finding upon the issue of damages, a judgment was entered in favor of the appellee for the sum of $3,100.

[1, 2] Upon the issue of contributory negligence the court instructed the jury that the burden of proof was upon the appellant. The giving of that instruction is assigned as error, because, it is claimed, plaintiff's own testimony furnished conclusive evidence of her contributory negligence. The appellant had pleaded contributory negligence in a general way only, without specifying in what particular the appellee was negligent. In its brief it is claimed that her negligence was in leaving the train at Poyner when she knew it was not her destination and knew that the brakeman was mistaken as to the identity of the station. If alighting from the train at the wrong station was the proximate cause of the injury, appellant's objection to the charge should be sustained. If directing the appellee to get off at the wrong station were the only act of negligence relied on in this suit for a recovery, the court should have instructed a verdict for the appellant. According to her own testimony Mrs. Rooks was familiar with the route, knew of the brakeman's mistake, and was not forced to leave the train. It is true that in stating her cause of action she pleaded negligence on the part of the brakeman in calling out the wrong station and in directing her to get off at that place, but that issue was not submitted as a ground of recovery. Those alleged facts were apparently treated as immaterial and mere surplusage. The brakeman testified upon the trial and admitted his mistake.

[3, 4] The only ground of recovery submitted by the court, and that we think was sufficient to support the judgment, was the failure to provide a safe place for alighting. There is no contention that the appellee was negligent in stepping on the box or stool placed by the brakeman. It is true she would not have been injured if she had remained on the train at Poyner, but leaving the train at the wrong station was not the direct and proximate cause of her injury. That occurred at Poyner, but not because Poyner was the wrong station. Appellee had a legal right to leave the train temporarily at Poyner, even though it was not her destination, without losing her status as a passenger. I. & G. N. Ry. Co. v. Anderson, 53 S. W. 606, 15 Tex. Civ. App. 180. While a passenger may not demand that the doors be opened and that he be allowed to alight at a station other than his destination, yet if the carrier does open the doors of the train and provide means and conveniences for passengers to alight, it should exercise due care to provide safe means for that purpose. Clearly, the appellee did not lose her status as a passenger in this instance because she got off

at Poyner. She could expect and claim the same high degree of care which she might have claimed had Poyner been her destination. We are of the opinion that the negligence of the appellee in obeying the mistaken direction of the brakeman was not a contributing cause of her injury, and for that reason the issue of contributory negligence was not involved. The erroneous instruction of the court therefore furnished no just ground for complaint in this appeal.

[5] Appellant also objected to the manner in which the court submitted the special issues. It is claimed that this, in effect, required the jury to find the evidence, and not the ultimate controlling facts. While the court might have used a different or more concise form in submitting those issues, the appellant cannot fairly claim that it has been injured by the manner adopted.

We are of the opinion that the judgment should be affirmed, and it is accordingly so ordered.