### TEXAS & N. O. RY. CO. v. ROOKS.
### (No. 750–4699.)

(Commission of Appeals of Texas, Section B. March 2, 1927.)

1. **Carriers** ⊚⇒303(6)—**Railroad must exercise same high degree of care to provide safe means for passengers to alight at intermediate station as at point of destination.**

Passengers may alight from railroad train at any regular station before that of their destination, and railroad company permitting or requiring them to do so, must exercise same high degree of care to provide safe and suitable means for alighting as at point of destination.

2. **Carriers** ⊚⇒347(9)—**Passenger held not contributorily negligent as matter of law in leaving train at intermediate station merely because of brakeman's instructions.**

Passenger's testimony that she left train at intermediate station merely because instructed to do so by brakeman *held* not to establish contributory negligence as matter of law, in suit for injuries in alighting; her reason for leaving train being immaterial.

3. **Damages** ⊚⇒206(8)—**Evidence of plaintiff's refusal to submit to physical examination before trial of personal injury suit is admissible.**

In personal injury suit, defendant should be permitted to show that plaintiff was requested before trial, and refused, to submit to physical examination by disinterested physicians appointed by court, so that they might testify as to nature and extent of injuries.

4. **Damages** ⊚⇒206(8)—**Evidence of plaintiff's attorney's refusal of proposition that plaintiff submit to physical examination held properly excluded in personal injury suit.**

Where plaintiff, who testified in personal injury suit, was not asked whether she was willing to submit to examination by physicians to enable them to testify as to nature and extent of her injuries, testimony that such proposition was made to, and refused by, her attorney, was properly excluded.

5. **Negligence** ⊚⇒122(2)—**Instruction requiring defendant to establish contributory negligence is error where shown by plaintiff's testimony.**

Generally, it is error to instruct jury that burden is on defendant to establish plaintiff's contributory negligence, where such negligence is established by plaintiff's testimony.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Carriers ⊚⟹348(14)—Plaintiff's testimony held not to establish contributory negligence in alighting from train, so as to preclude instruction that burden was on defendant to prove it.**

In action for injuries to passenger because of defendant's failure to furnish safe means of alighting from train at intermediate station, plaintiff's testimony *held* not to establish contributory negligence, so as to preclude instruction that burden was on defendant to establish such negligence.

**7. Trial ⊚⟹350(6)—Submission of issues whether ground on which brakeman placed step for passenger injured in alighting was uneven, etc., held not error as not embracing ultimate fact issue (Rev. St. 1911, art. 1985).**

In action for injuries to passenger, submission of issues whether plaintiff was injured while alighting from train, whether ground on which brakeman placed step was uneven and hence not reasonably safe, whether defendant was negligent in placing step thereon, whether it careened or wobbled when plaintiff stepped on it, and whether such negligence and wobbling were proximate causes of injuries, *held* not erroneous, as calling for findings on evidence only, and not embracing ultimate issue of fact, in violation of Rev. St. 1911, art. 1985.

**8. Trial ⊚⟹352(1)—Submission of issues whether brakeman negligently placed step for passenger injured in alighting on uneven ground, etc., held not prejudicial to defendant as indicating judge's opinion.**

In action for injuries to passenger, submission of issues whether plaintiff was injured while alighting from train, whether ground on which brakeman placed step was uneven and hence not reasonably safe, whether defendant was negligent in placing step thereon and it careened or wobbled when plaintiff stepped on it, and whether such negligence and wobbling were proximate causes of injuries, *held* not prejudicial to defendant as indicating trial judge's opinion as to answers which should be given.

**9. Trial ⊚⟹352(4)—Fact issue, not raised by testimony, should not be submitted to jury.**

Issue of fact should not be submitted to jury, in absence of testimony raising it.

**10. Trial ⊚⟹350(6)—Submission of issue whether step was negligently placed on uneven ground for passenger to alight held not erroneous as not warranted by evidence.**

In action for injuries to passenger, submission of issue whether step or stool, which careened or wobbled when plaintiff stepped on it in alighting from train, was negligently placed on uneven ground by defendant's brakeman, *held* not erroneous as not warranted by evidence; evidence that it did wobble being sufficient, in absence of explanation, to justify finding that defendant was negligent.

**11. Appeal and error ⊚⟹1002—Jury's finding, supported by some testimony, on issue as to which evidence was conflicting, is final.**

Jury's finding, supported by some testimony, on fact issue as to which evidence was contradictory, is final, and cannot be questioned by appellate court.

**12. Carriers ⊚⟹321(23)—Charge submitting issue whether ground on which brakeman placed stool for alighting passenger was "unlevel, rough, or uneven" held not error as supported only by testimony that it was "unlevel."**

In action for injuries to passenger in alighting from train, submission of issue whether ground on which brakeman placed stool was "uneven, rough, and unlevel," *held* not erroneous as supported only by testimony that ground was "unlevel"; such words being used indiscriminately on trial.

**13. Appeal and error ⊚⟹1033(7)—Charge submitting issue whether ground on which brakeman placed stool for alighting passenger was "unlevel, rough, or uneven" held not prejudicial to defendant, if words were used to mean differently.**

In action for injuries to passenger in alighting from train, submission of issue whether ground on which brakeman placed stool was "uneven, rough, and unlevel," *held* not prejudicial to defendant, if such words were used to mean differently, as in such case it placed too great a burden on plaintiff.

**14. Trial ⊚⟹251(9)—Instruction to award amount fairly compensating plaintiff for injuries, considering mental anguish and physical suffering, held not error as not limiting recovery to such items.**

Instruction to award amount of money which would fairly and reasonably compensate plaintiff for injuries sustained, taking into consideration mental anguish and physical suffering, *held* not erroneous as not limiting jury to consideration of such items, nor as authorizing inclusion of loss of time or decreased earning capacity, though plaintiff was allowed to show without objection that she was no longer able to perform manual labor.

**15. Appeal and error ⊚⟹840(1)—Misconduct of jury in arriving at verdict is within Supreme Court's jurisdiction to determine.**

Whether jury were guilty of misconduct in arriving at their verdict is within Supreme Court's jurisdiction to determine.

**16. Appeal and error ⊚⟹930(3)—Award for doctor's bills of more than evidence showed them to be held not ground for presuming that answers to other issues disregarded evidence.**

Jury's award of $200 for doctor's bills, which evidence showed amounted to only $50, *held* not to require new trial on presumption that same disregard for evidence prompted answers to other issues, in view of remittitur of $150 allowed by court before judgment was entered, and absence of affirmative proof of jury's misconduct in reaching verdict.

**17. Negligence ⊚⟹56(1)—Verdict for defendant should be directed, where evidence fails to connect injury with negligence.**

When evidence fails to connect alleged injury with any act of negligence on defendant's part, jury should be instructed to return verdict for defendant.

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**18. Carriers** ⚙⇒320(30)—**Refusal to direct verdict for defendant railroad for want of evidence connecting alighting passenger's injury with defendant's negligence held not error.**

Refusal to instruct jury to return verdict for defendant, on ground that evidence failed to connect injury to passenger in alighting from defendant's train with any act of negligence on defendant's part, *held* not error, in view of evidence that injury was caused by defendant's negligence in placing stool on uneven ground.

**19. Pleading** ⚙⇒36(2)—**Party pleading certain facts as proximate cause of his injury is bound thereby.**

It is error for court to disregard facts pleaded by party, who is bound by his pleading that certain facts were proximate cause of his injury.

**20. Negligence** ⚙⇒119(1)—**Failure to prove all acts of negligence pleaded is not fatal.**

Plaintiff may plead as many acts of negligence as she sees fit, and failure to support all of them with proof is not fatal to cause of action as to one submitted by court and found by jury to be supported by testimony.

**21. Appeal and error** ⚙⇒1031(1)—**Submission of issues calling for finding on evidence rather than ultimate facts raises no presumption of prejudice.**

Submission of issues calling for finding on evidence, rather than on ultimate issues of fact, raises no presumption of prejudice.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Mrs. Maggie Rooks against the Texas & New Orleans Railway Company. A judgment for plaintiff was affirmed by the Court of Civil Appeals (283 S. W. 622), and defendant brings error. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, Joe N. Davis, of Palestine, and Garrison & Watson, of Houston, for plaintiff in error.

Clay Cotten, Geo. M. Irving, and W. C. Campbell, all of Palestine, for defendant in error.

SHORT, J. This suit was instituted by the defendant in error against the plaintiff in error in the district court of Anderson county, for damages alleged to have been caused by certain negligent acts of the agents of the plaintiff in error, and upon a trial a recovery was had for $3,100; the defendant in error having voluntarily remitted $150 of the amount found by the verdict of the jury. A new trial having been refused by the trial court, an appeal was perfected to the Court of Civil Appeals at Texarkana, where the judgment of the district court was affirmed. 283 S. W. 622. An application for writ of error was granted by the Supreme Court, and has been referred to this section of the Commission of Appeals for disposition.

In her second amended original petition, the defendant in error alleged that on or about April 2, 1924, she boarded the train of the plaintiff in error at Jacksonville with a ticket entitling her to transportation to La Rue, Tex., another station; that the conductor on the train took up her ticket and at an intermediate station the brakeman negligently announced to her that the train had reached her station, and at the brakeman's request she left the train on the opposite side of the track from the station, where the ground was rough and unlevel, on account of which condition of the ground the step placed by the brakeman for her use in alighting careened as she placed her weight upon it, resulting in injuries for which she recovered damages. The plaintiff in error answered with a general demurrer, general denial, and plea of contributory negligence, and the case has reached the Supreme Court with eleven assignments of error alleged to have been committed by the Court of Civil Appeals in affirming the judgment of the district court, and we will dispose of these assignments of error in the order named in the writ.

The first assignment of error challenges the correctness of the opinion of the Court of Civil Appeals in sustaining the action of the district court in refusing an instructed verdict requested by the plaintiff in error to be given by the district court, in the discussion of which it is probably necessary to discuss somewhat at length the general situation of the pleadings and the testimony on the part of the defendant in error.

The first amended petition of the defendant in error alleged as grounds of recovery, among other things, the several acts of negligence, one of which was that the plaintiff in error was negligent in calling out the wrong station and in requiring the defendant in error to leave the train thereat. This act of negligence was not submitted to the jury by the district court, and therefore passed out of the case. Another act of negligence alleged, on account of which the injuries resulted, was the rough and unlevel condition of the ground upon which the step furnished the defendant in error by the plaintiff in error and placed on the ground near the steps attached to the passenger coach to assist her in alighting therefrom, was wobbly and unsteady, and that the defendant in error, in alighting from said train, was caused a wrench and sprain, and extraordinary strain upon her back, limbs, bones, muscles, and sinews thereof, and she was caused to sustain internal injuries; it being further alleged that the ground where she did alight was uneven, rough, and unlevel, and that this condition of the ground caused the step to wobble and careen, causing her the injuries alleged.

The district court in its charge defined the term "negligence," the term "ordinary care," the term "contributory negligence," and the term "proximate cause," and informed the

jury that the burden of proof was upon the defendant in error to establish by a preponderance of the evidence the issue relied upon by her for recovery, but that the burden of proof was upon the plaintiff in error to establish by the same character of evidence that defendant in error was guilty of contributory negligence, and then submitted the following special issues, to which the jury made the answers annexed herein thereto:

"Question No. 1: Was plaintiff, Mrs. Maggie Rooks, injured during the time and when she was alighting from the passenger coach of the defendant at Poynor? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 2: If you have answered question No. 1 'Yes,' then was the ground upon which the brakeman placed the step or stool, to aid plaintiff in getting off of said train, uneven, rough, and unlevel? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 2A: If you have answered question No. 2 'Yes,' then did such uneven, rough, and unlevel condition of said ground prevent such place from being a reasonably safe place for plaintiff to alight from said train? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 3: If you have answered questions No. 2 and No. 2A 'Yes,' then was defendant negligent in placing, if it did, said step or stool on such unlevel, uneven, and rough ground? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 4: If you have answered question No. 3 'Yes,' then was such negligence the proximate cause of plaintiff's injuries? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 5: Did said step or stool careen or wobble when plaintiff stepped upon the same in alighting from said train? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 6: If you have answered question No. 5 'Yes,' then was the careening or wobbling of said step or stool the proximate cause of plaintiff's injuries? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 7: Was the plaintiff, Mrs. Maggie Rooks, guilty of contributory negligence at the time of her alleged injuries in getting off of said train in the manner and under the circumstances in which she did get off of the same? Answer 'Yes' or 'No.' Answer: No.

"Question No. 8: If you have answered question No. 7 'Yes,' then did such contributory negligence, if any, on her part proximately cause, or proximately contribute to cause, the injuries? Answer 'Yes' or 'No.' Answer: No.

"Question No. 9: What amount of money, if paid now, will fairly and reasonably compensate plaintiff for the alleged injuries which you may find she sustained, taking into consideration as elements of damages, as far as shown from the evidence to result naturally and probably from such injuries, the following: (1) Mental anguish and physical suffering, if any, including such, if any, as you may believe from the evidence will in reasonable probability ensue to or be caused her therefrom in the future? Answer: $3,000.

"Question No. 10: What amount of necessary and reasonable expense has plaintiff incurred for doctor's bills for treatment of her alleged injury? Answer: $200.

"Question No. 11: What amount of necessary and reasonable expense has plaintiff incurred for medicine in treating her alleged injuries? Answer: $50."

[1, 2] The requested charge for an instructed verdict was evidently requested upon the theory that the testimony of the defendant in error established as a matter of law contributory negligence on her part; and, if the record had been in such a condition, there can be no doubt that the district court ought to have instructed a verdict as requested. The trial judge evidently agreed with the plaintiff in error that the testimony of the plaintiff herself established the fact she was guilty of contributory negligence in leaving the train, and for this reason refused to submit this issue to the jury. The defendant in error testified she knew when she left the train that her station had not been reached, and she merely left the train because she was instructed to do so by the brakeman, who was shown not to have authority to eject passengers. Had the defendant in error refused to obey the instructions of the brakeman and had remained on the train, the conductor having already taken up her ticket, it is not reasonable to suppose that those in authority to compel her to leave the train would have sustained the attempted action of the brakeman in ejecting her. The reason for defendant in error having left the train, according to her testimony, was the command of the brakeman that she must get off. This reason, however, would have become material only had the duty devolved upon the defendant in error to remain on the train from the time she entered the coach until her station had been reached. However, we do not think that the law imposes any such duty upon the passenger. Upon the contrary, passengers have a right to alight at any regular intermediate station of a railroad train they may see proper to do under the admitted conditions shown to exist in this case. If, for any legitimate reason, a passenger is permitted or required to leave the train at an intermediate station, it is the duty of the railroad company to exercise a high degree of care in providing safe and suitable means by which a passenger can alight from the train, just as much so as though it were the point of the passenger's destination. M., K. & T. Ry. Co. v. Overfield, 19 Tex. Civ. App. 440, 47 S. W. 684; T. & P. Ry. v. Goldman (Tex. Civ. App.) 51 S. W. 275; Missouri Pacific Ry. Co. v. Wortham, 73 Tex. 25, 10 S. W. 741, 3 L. R. A. 368; I. & G. N. Ry. Co. v. Anderson, 15 Tex. Civ. App. 180, 53 S. W. 606.

The instructed verdict requested by the plaintiff in error should have been given, had the reason for leaving the coach given by the defendant in error been material to any issue in the case. The defendant in error was not obliged to have any reason for leaving the train, nor was the fact that she left the train with an insufficient reason sufficient to relieve the plaintiff in error from the

duty of furnishing her a suitable place at which and a safe means from which to alight from the coach, since the defendant in error had the right to leave the coach at an intermediate station. For the reasons above announced, we overrule the first assignment of error.

[3, 4] The second assignment of error is in the following language:

"The court erred in excluding, over the defendant's objections, the evidence offered by the defendant of the witness Joe N. Davis. The witness was asked by the defendant company whether or not he, on behalf of the defendant company, had made a proposition to plaintiff's attorneys that the plaintiff submit to an examination by two disinterested and reputable physicians who should be appointed by the court for the purpose of determining the nature and extent of plaintiff's injuries, and who should testify thereto upon the behalf of the defendant. The question, upon the objection of the plaintiff, was excluded, and the defendant was not permitted to make proof that such proposition was made and refused by the attorneys for the plaintiff. This testimony should have been admitted because the representation of the plaintiff by her attorneys was and is such that their refusal to allow her to be examined would be binding upon her; and the defendant company had the right to have such testimony go before the jury for the purpose of affecting the weight of plaintiff's testimony in reference to the nature and extent of her injuries. This testimony was excluded, over the objection of the defendant, and the defendant should therefore be given a new trial."

The proposition submitted under this assignment of error was to the effect that on the trial of a suit for personal injuries the defendant should be permitted to show before the jury that prior to the trial a request was made of the plaintiff that she submit herself for examination by two disinterested physicians appointed by the court for that purpose, so that upon the trial said physicians might testify as to the nature and extent of her injuries and the further fact that the request had been refused.

We agree that the authorities are harmonious in support of the proposition, the substance of which has been stated. An examination of the bill of exception taken to the action of the court on this subject shows that the question asked, to which objection was sustained, was in substance whether the attorneys for the defendant in error were approached with the proposition that these attorneys agree for the court to appoint two disinterested reputable physicians charged with the duty to examine the defendant in error for the purpose of determining the nature and extent of her injuries, that they might testify upon the trial of the case on behalf of plaintiff in error, to which question the witness would have answered in the affirmative. It is further shown by the qualifications of the bill made by the trial judge that no other matter was desired to be prov-

ed by the witness, whereupon the court sustained the objection. This brings before us the necessity of determining whether the plaintiff in error was entitled to prove that one of its authorized agents approached the attorneys representing the defendant in error for the purpose of securing certain information from these attorneys, and whether this information so secured and given to the jury would have amounted to a statement that the defendant in error herself had been requested to submit to a physical examination by two disinterested physicians for the purpose of determining the extent of her injuries, the result to be given by these physicians to the jury upon the trial, and that she had refused to grant such request. Upon the authority of A. & N. W. Co. v. Cluck, 97 Tex. 183, 77 S. W. 403, 64 L. R. A. 494, 104 Am. St. Rep. 863, 1 Ann. Cas. 261, in which the Supreme Court laid down the rule that a defendant under such circumstances is entitled to make such proof, the plaintiff in error contends that this question should have been answered before the jury, even though no other matter on the subject was sought to be proven.

In the Cluck Case, the plaintiff himself was on the stand as a witness in his own behalf and had testified to his injuries and the effect thereof, when the question was asked of him whether a proposition had been made to him to have the court appoint a committee of physicians to examine him physically with the view of ascertaining the nature and extent of the ailments of which he complained and their cause. The trial judge in that case sustained an objection to this question and to the answer thereto, and the Supreme Court said the court erred, giving cogent reasons why the jury were entitled to have this fact presented for their consideration, together with the further fact, if any, that the plaintiff had some reason for such refusal. Had the defendant in error, while testifying in her own behalf as a witness upon the stand, been asked whether or not she was willing to have this examination made by these physicians, and an objection had been made to the question, it is very likely that the trial judge, under the authority of the Cluck Case, would have overruled the objection, and then compelled the witness to answer whether she was or was not willing to have this examination made, and, if not, her counsel could then have elicited from her her reasons for such refusal, and the whole matter could have been passed upon by the jury in reaching its verdict. However, the bill of exceptions, together with the qualification thereto, presents a condition of affairs altogether different from that presented in the Cluck Case, and the right to determine the answer to be given to this question rested with the defendant in error. The plaintiff in error had the opportunity when she was on the stand to ask her whether or not she was

willing to have this examination made, and yet the record shows that no such question was asked. Had the defendant in error not been a witness in the case, and no opportunity had been given the plaintiff in error to make this demand and to secure the information sought to be, so that the jury might have the benefit of it, a different question might be presented, since we hold that the jury were entitled to have the information to the effect that the defendant in error had refused to submit to a physical examination by reputable disinterested physicians, together, of course, with any explanation on the part of the plaintiff of her refusal to permit such examination to be made. We therefore overrule the second assignment of error.

The third assignment of error relates to an immaterial matter in the present state of the record, and, while the proposition submitted thereunder to the effect that a corporation cannot be bound by the acts and declarations of an agent, made and done without the scope and authority of the agent, is generally recognized as correct, no possible harm could have resulted to the plaintiff in error on account of the action of the trial court in regard thereto, and for that reason alone we overrule the third assignment of error.

[5, 6] The fourth assignment of error challenges the correctness of the trial court in telling the jury that the burden of proof was upon the plaintiff in error to establish by a preponderance of the evidence its contention that the defendant in error was guilty of contributory negligence. We think the proposition submitted in support of this assignment of error to the effect that, when the contributory negligence of plaintiff is established by the testimony of plaintiff as a witness in her own behalf, it was error for the court to instruct the jury that the burden was on the defendant to establish by a preponderance of the evidence its contention that the plaintiff was guilty of contributory negligence, the burden being upon the plaintiff to free herself from such contributory negligence, is a correct statement of the law, generally speaking. However, we do not think it is applicable to the record in this case, since there is no evidence whatever to be found in the record that the defendant in error was guilty of any contributory negligence upon the issue submitted to the jury, upon which the verdict was returned as to the negligence of the plaintiff in error, which was its failure to furnish a safe means of alighting from the passenger coach to the defendant in error. We therefore overrule the fourth assignment of error.

[7] The fifth assignment of error with its supporting proposition is in effect that it is error for the court to submit for the determination of the jury an issue which called for nothing more than a finding on the evidence, and which does not embrace an ultimate issue of fact.

Article 1985 of the Revised Statutes of 1911, which was in effect when this case was tried, reads as follows:

"The special verdict must find the facts established by the evidence, and not the evidence by which they are established; and it shall be the duty of the court, when it submits a case to the jury upon special issues, to submit all the issues made by the pleading. But the failure to submit any issue shall not be deemed a ground for reversal of the judgment, upon appeal or a writ of error, unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error, an issue not submitted and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment; provided, there be evidence to sustain such a finding."

Preliminary to the submission of the issues submitted to the jury, which have already been copied in this opinion, the court instructed the jury as follows:

"By the term 'negligence,' as used in this charge as applied to defendant railroad company, is meant the doing of that which a very careful and prudent person would not have done under the same or similar circumstances, or the failure to do that which a very careful and prudent person would have done under the same or similar circumstances.

"But by the term 'negligence,' as used in this charge, as applied to plaintiff, is meant the doing of that which a person of ordinary prudence would not have done under the same or similar circumstances, or the failure to do that which a person of ordinary prudence would have done under the same or similar circumstances.

"The term 'ordinary care,' as used herein, means such degree of care as a person of ordinary prudence would have exercised under the same or similar circumstances.

" 'Contributory negligence' is negligence on the part of the plaintiff, if any, which occurred with the negligence, if any, of defendant, its servants, agents, or employees, proximately to bring about the accident and injuries, if any, and without which as a concurring cause the accident and injuries, if any, would not have happened.

" 'Proximate cause' means in this charge a cause which operated in a continuous sequence, without other intervening causation, as a cause of the injuries to plaintiff, if any."

We do not think the charge of the court in this case violated that part of the statute quoted which declares that the special verdict must find the facts established by the evidence and not the evidence by which they are established. The record discloses that the jury were given such instruction and explanation of the terms used in the submission of the several special issues as enabled it to understand that the ultimate conclusion in issue was whether the plaintiff in error had been guilty of negligence in failing to provide under all the circumstances and conditions in which the defendant in error was placed at the very time she claims to have been injured, a reasonably safe place to

alight from the passenger coach and reach the ground in safety. In order to determine this ultimate conclusion, it was necessary for the jury to determine as an ultimate fact that the defendant in error was injured during the time when she was alighting from the passenger coach, as well as to find the ultimate fact that the step or stool which it was the duty of the plaintiff in error to provide, in the exercise of due care, for the convenience of passengers in leaving its coaches, had been placed in such a position and upon such place as reasonably would hold it in position when the defendant in error stepped upon it in alighting from the coach on her way to the ground, and also to find as an ultimate fact that the condition of the ground upon which the stool was placed was of that character and in that condition as prevented the place from being a reasonably safe one for the defendant in error to alight from the train. Also it was necessary for the jury to find as an ultimate fact, in order to justify recovery, that the plaintiff in error was guilty of negligence in placing the step or stool on unlevel, uneven, or rough ground, as well as that such negligence was the proximate cause of defendant in error's injuries, and the fact that, when the defendant in error stepped upon the step or stool it careened or wobbled, and that said carcening or wobbling was the proximate cause of the injuries of which the defendant in error complained in her petition. The plaintiff in error admits in its brief, and the record so shows, that, while it objected to the manner in which the issue was submitted, it did not present in the form of a request in writing this identical issue, on account of which the manner in which the issues were in fact submitted does not constitute reversible error, even though such an error had been committed, unless it reasonably appears to the court that the plaintiff in error was thus and thereby prejudiced in its defense, saying on page 34:

"Of course we recognize that it would, perhaps, not be reversible error in the case at bar for the court to submit the alleged issue of fact in four different forms and to elicit from the jury findings on the evidence in regard to said issues unless such submission was prejudicial to the defendant's case."

[8] It contends further that this submission was prejudicial on account of the alleged fact that the forms in which these different issues of fact were submitted indicated to the jury that the trial judge was of the opinion they should have been answered as in fact they were answered. That is the only ground upon which the plaintiff in error bases its claim in this connection that the judgment ought to be reversed, and a mere reading of the issues submitted, in connection with the explanations given of the terms used therein, refutes the idea that the jury could have inferred from the language used what the opinion of the trial judge was as to the answers which should be given to the questions propounded. Justice Hodges, who wrote the opinion in this case for the Court of Civil Appeals, on this subject uses this language:

"While the court might have used a different or more concise form in submitting those issues, the appellant cannot fairly claim that it has been injured by the manner adopted."

We are constrained to the same view thus concisely stated by the distinguished member of the Court of Civil Appeals, and, having reached that conclusion after a thorough examination of the record, it is our duty to overrule the fifth assignment of error.

[9, 10] The sixth assignment of error is based upon the proposition that it is error to submit an issue of fact to the jury when such issue is not raised by the evidence, which proposition is based upon the claim made that, if the step did careen or wobble, such careening or wobbling could have easily resulted from the fact that the plaintiff placed her foot upon the edge of the step, causing the step to wobble, and such issue should not have been submitted to the jury, in the absence of proof that the careening or wobbling resulted from the negligence of the defendant company. We agree with the proposition submitted to the effect that an issue of fact should never be submitted by a court to a jury for its determination, in the absence of any testimony raising such issue. We have examined the statement of facts in this case with the view of finding some evidence therein even tending to establish the fact, claimed by the plaintiff in error to be such fact that the defendant in error placed her foot upon the edge of the step, and that this particular act on the part of the defendant in error caused the step to wobble. We do find evidence that the step or stool, when the defendant in error placed her foot upon it, did careen and wobble, and that this careening and wobbling did cause her to fall therefrom, and that this fall did result in serious injuries to her, all of which is set out in the statement of facts. It is not denied that it was the duty of the plaintiff in error to the defendant in error, as one of its passengers, to provide a safe means in alighting from the train, and, under the findings of fact by the jury, the plaintiff in error failed in this duty, on account of which the defendant in error was injured. The very fact, in the absence of any explanation that the step or stool did careen and wobble, was sufficient of itself to justify the jury in finding the plaintiff in error guilty of negligence, in the absence of a finding that some excuse relieving the plaintiff in error from the charge that it had failed to use due care in providing a safe means to the defendant in error to alight from its train.

In the case of M., K. & T. Railway Co. v. White, 22 Tex. Civ. App. 424, 55 S. W. 593, we find the court using this language:

"The evidence introduced by appellant, however, tended to show that the box was in proper position, of the usual size, and on level ground, and consequently that the accident must have been due to some other cause. But there was also evidence tending to show that the step box was too small, and that the ground upon which it had been placed was slanting, and also uneven, on account of rocks and gravel. There was therefore some room for the inference that the size of the box and the condition of the ground, one or both, may have caused appellee to fall, and that she may possibly have been mistaken as to the position of the box. We are therefore unable to entirely agree with appellant that in submitting these issues the charge submitted issues not at all raised by the evidence. * * * The fact that the box turned over and threw her to the ground tended to prove either that it was not broad enough, or that the ground was uneven, or both."

[11] So, in the case at bar, the fact that the step or stool careened and wobbled and threw the defendant in error to the ground tended to prove that the ground was uneven, rough, or unlevel. It is true that the plaintiff in error introduced witnesses on this subject whose testimony, had the jury believed it to be true, would have contradicted the testimony of the defendant in error that the ground was unlevel, but the decision of the jury on this subject is final, and, since there was some testimony in support of the finding of the jury, this court has no authority to question its correctness.

[12, 13] Under this proposition in support of this assignment, complaint is made by the plaintiff in error that, while there was testimony in support of the allegation that the ground was unlevel, there was no testimony that it was rough or uneven. In the oral argument before this section of the Commission of Appeals, stress was laid upon the difference in meaning between the word "unlevel," on the one part, and the words "rough" and "uneven," on the other. An examination of the record shows that upon the trial of the case these three words were used indiscriminately, and the case was tried apparently with the idea that the meaning of these words as used by the witnesses was substantially the same; the contention being on the part of the defendant in error that the condition of the ground where the box was placed was such as to cause it to wobble and careen when she placed her foot upon it, while, upon the other hand, it was contended by the plaintiff in error that the ground was smooth, and therefore it could not have careened or wobbled on account of any defect in the ground, but this contention was settled by the verdict of the jury. As said before, of the correctness of that decision this court has no right to judge. It may be said that the charge placed a greater burden upon

the defendant in error than it should have, in requiring the jury to find, not only that the ground was unlevel, but that it was also rough and uneven, since the step or stool might have been caused to careen and wobble on account of the ground not being level, even though it was not rough or uneven. But, as said before, it appears that these terms were used as meaning substantially the same thing, and the court, in submitting the issue in the form it was, placed a greater burden upon the defendant in error than it should have if in fact the words were used to mean differently. But, since there is testimony in the opinion of the Court of Civil Appeals sufficient to support the finding, we are bound by it. We therefore overrule this assignment.

[14] The seventh assignment of error complains of the Court of Civil Appeals in not passing upon and not sustaining this proposition:

"In submitting to the jury an issue on the amount of damages, it is error for the court to give the jury free range to consider whatever elements of damage that might enter into the minds of the jurors."

It is claimed by the plaintiff in error that the trial court erred in not limiting special issue No. 9 by instructing the jury that they could take into consideration in arriving at the amount of money to be awarded only the item of damages submitted; that is, mental anguish and physical suffering, if any. The plaintiff in error claimed that under this instruction the jury was given a free range to consider whatever item of damage might come into their minds. The language of that special instruction is as follows:

"What amount of money, if paid now, will fairly and reasonably compensate plaintiff for the alleged injuries which you may find she sustained, taking into consideration as elements of damages, as far as shown from the evidence to result naturally and probably from such injuries, the following: (1) Mental anguish and physical suffering, if any, including such, if any, as you may believe from the evidence will in reasonable probability ensue to or be caused her therefrom in the future."

We are unable to appreciate the force of the objections made to this charge. As we construe it, the charge does in so many words restrict the jury in the consideration of the elements of damage to mental anguish and physical suffering under the testimony. The first paragraph of the charge may be subject to the objections made to the whole of the charge, but the second paragraph specifically limits the jury to the consideration of mental anguish and physical suffering. The jury could not have reasonably construed this charge to include as elements of damage loss of time or the decreased earning capacity of the defendant in error, notwithstanding the fact that without objection the defendant in error was allowed to inciden-

tally show that, before the injury, she was a hale and hearty woman engaged in the performance of manual labor, but after the injury she was not able to perform these duties. Had objection been made to the testimony to the effect that damages had been sustained for loss of time and earning capacity on the ground that the pleading did not contain any allegations of this kind, the trial court doubtless would have sustained such objection; but, as has been seen, the court seems to have realized that the jury might, in estimating the damage, include as a part thereof what the defendant in error had lost in earning capacity, and apparently sought to direct the minds of the jury to the fact that in estimating the damage resulting from the injury only mental anguish and physical suffering must be included. We think this was sufficient to protect the rights of the defendant, and overrule this assignment.

[15, 16] The eighth assignment of error is supported by this proposition:

"When in answer to one special issue the jury awards as damages for doctor's bills exactly four times the amount the testimony showed the doctors' bills to be, and their answers to other special issues are against and contrary to the great weight and preponderance of the evidence, the court should presume that the same disregard for the evidence that prompted their answer to the issue in regard to the doctor's bills also permeated their deliberations and answers to the other issues, and defendant should have been given a new trial."

This assignment in legal effect is a charge that the jury were guilty of misconduct in arriving at their verdict. This question is within the jurisdiction of the Supreme Court and calls for a determination of the question. The petition of the defendant in error alleges that, as a result of her injuries, she was compelled to employ a physician, under whose care she had been for many months, and to incur a reasonable expense in the amount of $150 for his services, and in addition thereto has been required to spend the reasonable sum of $50 for medicine. Dr. Speagle, on behalf of the defendant in error, testified that the physical condition of the defendant in error was serious, describing the condition in detail, and saying that he had been treating her since the latter part of April or the 1st of May after the occurrence of the incident at La Rue on the 2d of April, and further that this physical condition called for a major operation which might result disastrously, otherwise to be permanent. He said he expected to charge the defendant in error for the medical treatment he had given her up to the present time, meaning the time he was testifying, somewhere in the neighborhood of $50 or $60. The testimony of the defendant in error herself indicated the same condition, even though no major operation should ever be performed upon her, as she says that she could not rest without the use of opiates and was constantly in great pain, so much so as to demand expert attention. A remittitur of $150 having been made by the defendant in error before the judgment was entered, and the trial court having allowed this to be done, in the absence of affirmative proof that the jury was guilty of misconduct in reaching its verdict, we are of the opinion the remittitur completely protected the rights of the plaintiff in error, and that this assignment should be overruled.

[17, 18] The ninth assignment of error is supported by this proposition:

"When the evidence in the case fails to connect the alleged injury with any act of negligence on the part of defendant, the jury should be instructed to return a verdict in favor of the defendant."

This is a correct proposition of law, but, it having been discussed and the conclusion reached that the evidence does connect the alleged injury with an act of negligence on the part of defendant, we conclude that it is not applicable to the record in this case, and we therefore overrule this assignment.

[19, 20] The tenth assignment of error complains of the Court of Civil Appeals in holding that the negligence of the defendant in error in obeying the mistaken directions of the brakeman was not a contributing cause of her injury, and submits this proposition in support thereof:

"It is error for the court to disregard the facts pleaded by the party and thereby admitted by that party to be true, and, in a case where a party pleads that certain facts were a proximate cause of his injury, he is bound by his pleadings."

This proposition is a correct one, but its application to the facts in this case has been discussed already in this opinion; the conclusion being reached that, where a plaintiff pleads several acts of negligence as a basis for a cause of action and the testimony supports only one, and the court in its charge to the jury submits only this one act of negligence with appropriate explanations, as was done in this case, the fact that the petition contains other acts of negligence becomes immaterial. Plaintiff has a right to plead as many acts of negligence as she sees fit so to do, and the fact that she does not support all of them with proof is not fatal to her cause of action as to the one which is found by the court and jury to have been supported by the testimony.

[21] The eleventh assignment of error complains of the holding by the Court of Civil Appeals that the plaintiff in error cannot fairly complain that it was injured by the manner of the trial court's submission of the issue concerning the defendant's failure to furnish the plaintiff a safe place in which to alight from the train. In support of that

assignment, it submits the following proposition:

"Where the court submits issues calling for a finding on the evidence rather than upon the ultimate issues of fact, thereby pointing out and laying special stress on certain evidence, it is presumed that injury results from such fact. That is the very reason for the existence of the statute prohibiting the submission of issues calling for findings on the evidence."

The vice in this proposition, which is otherwise substantially correct, is that the failure of the trial court to submit the ultimate issues of fact rather than a finding on the evidence raises the presumption as a fact that injury results from such fact. It has already been noted that the plaintiff in error in its brief on page 34 says that it recognizes that this error of the court in the case at bar would not be a reversible one unless such submission was prejudicial to the case of the plaintiff in error. If this admission is a correct proposition of law, and we think it is, then it follows that the proposition stated in support of the assignment is an incorrect one, and, as we have already discussed this phase of the case sufficiently in our opinion to demonstrate that the manner in which the issue was submitted was not prejudicial to the right of the plaintiff in error, we of necessity must overrule this assignment of error.

Finding no reversible error in the record, we recommend that the judgment of the Court of Civil Appeals, affirming the judgment of the district court, be in all things affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.